1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF PENNSYLVANIA
2

3    UNITED STATES OF AMERICA    )    2:17-cr-00184-JD-1
                                 )
4    vs.                         )    Philadelphia, PA
                                 )    DATE:  November 2, 2018
5    YOUNIES BAYOUMY,            )
                                 )    11:20 a.m.-12:33 p.m.
6         Defendant.             )

7

8              ARRAIGNMENT AND PLEA HEARING
         BEFORE THE HONORABLE JAN E. DUBOIS
            UNITED STATES DISTRICT JUDGE
9

     APPEARANCES:
10

     For the Government:        MICHELLE ROTELLA, ESQ.
11                              U.S. Attorney's Office
                                615 Chestnut Street
12                              Suite 1250
                                Philadelphia, PA 19106-4476
13

     For the Defendant:         KATHLEEN M. GAUGHAN, ESQ.
14                              FEDERA DEFENDERS OFFICE
                                601 Walnut Street
15                              Suite 540
                                Philadelphia, PA 19106
16

     ESR Operator:              MICHAEL COSGROVE
17
18
19
20
21
22
23         Veritext National Court Reporting Company
                    Mid-Atlantic Region
24         1801 Market Street - Suite 1800
                 Philadelphia, PA 19103
25                  1-888-777-6690

FILED

NOV - 7 2018

KATE BARKMAN, Clerk
By _____ Dep. Clerk

1                        I N D E X
2                                                      PAGE
3     DISCUSSION AMONG ALL                              3
4     QUALIFICATIONS OF DEFENDANT ON ARRAIGNMENT        13
5     GUILTY PLEA                                       18
6     QUALIFICATIONS OF DEFENDANT ON GUILTY PLEA        18
7     COURT'S FINDING                                   53
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1              P R O C E E D I N G S
 2              THE COURT:  Good morning, everyone.
 3   Please be seated.
 4              MS. ROTELLA:  Good morning, Your Honor.
 5              MS. GAUGHAN:  Good morning, Your Honor.
 6         (Pause)
 7              THE COURT:  I call the case of United
 8   States of America versus Younies Bayoumy.  Am I
 9   pronouncing that correctly?
10              MS. GAUGHAN:  Yes, Your Honor.
11              THE COURT:  Criminal No. 17-184.
12              We had scheduled a change of plea
13   hearing for today.  This morning I received a
14   superseding information, and so we will proceed with
15   an arraignment.
16              Before we do, and the reason I'm late,
17   I was trying to figure out what the Government did in
18   the case.  I got no advance notice and the bottom
19   line, the charge in the superseding information does
20   not appear to be covered in the indictment.
21              So I'd like the Government to explain
22   what is being done and then we'll proceed with an
23   arraignment, and I'll determine whether we can prepare
24   also with an expedited presentence investigation.
25              Right now I don't know very much about
```

1    the case, and I want to know more about the case

2    before I sentence.  So I'll just set the stage.  I'm

3    inclined not unless there's a compelling reason.  I'm

4    inclined not to require an expedited investigation.

5            MS. ROTELLA:  So I'm sorry, I don't

6    know what happened, because I sent the Government's

7    change of plea memorandum that encompassed that

8    superseding information last week.  So --

9            THE COURT:  Never got -- well last

10   week, never got it.  We were here -- I was here last

11   week, I was in a government meeting out of the city --

12   a meeting of judges out of the city.

13           MS. ROTELLA:  I apologize, Your Honor,

14   could I hand you a copy?

15           THE COURT:  I have it.

16           MS. ROTELLA:  Oh, you do.  Okay.

17           So what ended up happening in this

18   case, Your Honor, is this is the only time that I've

19   -- our office and I have ever engaged in this type of

20   resolution.

21           Mr. Bayoumy was originally charged with

22   a number of very serious child sex offenses.  He was

23   first charged by a Special Assistant United States

24   Attorney that was assigned to our office.  It was

25   approved and he was charged here.

1          But in the course of negotiations with
2   counsel there were several experts that she brought in
3   and presented to the Government regarding
4   Mr. Bayoumy's diagnosis of being on the autism
5   spectrum.  And then also in terms of discussing the
6   specific allegations against Mr. Bayoumy we came to an
7   resolution that involved the filing of a superseding
8   information that would involve a charge that would not
9   register him as a child sex offender.
10          And the reason being that in this
11  particular case that is laid out in the Government's
12  change of plea memorandum, some of the factual basis,
13  this Defendant began a relationship with the victim in
14  this case when he was 17 and she was 15 years of age,
15  and their relationship continued over the next two
16  years, including when Mr. Bayoumy then became an
17  adult, and so he continued to have contact with her
18  over that time period, and of course when he became an
19  adult she was still a minor.  And so his requesting --
20  engaging her in the type of conversation that they
21  engaged in, sexually explicit conversation, and his
22  request in her to manufacture sexually explicit images
23  of herself, which she did do, at his direction, and
24  sent to him over the internet, Mr. Bayoumy was located
25  in England and the victim in this case was located in

1    the Eastern District of Pennsylvania. So they would

2    go back and forth in terms of sending images to each

3    other.

4             But when we seized Mr. Bayoumy's

5    equipment he had traveled to the United States to come

6    visit her. She was aware of the visit, had not told

7    her parents, the parents were not, and so because she

8    was still a minor and Mr. Bayoumy at the time had

9    turned 19 it became the investigation that led to the

10   original filing here that involved charges of

11   manufacturing child pornography and so forth.

12            His conduct technically fits that

13   statute, and he did -- we could go forward and legally

14   could convict him of manufacturing child pornography.

15   In this particular case because of the age -- the lack

16   of an age difference that was troubling here, as was

17   the fact that the forensic review of his equipment did

18   not reveal any other instance of child sexual offenses

19   other than this particular victim, there were no --

20   nothing at all in terms of his collection of images or

21   videos that would depict anybody under the age of 18,

22   there were no internet searches for material of that

23   nature, there were no conversations with anybody else

24   that was a minor, and in fact what we found was the

25   opposite, that he actually possessed images of people

1    who were over the age of 18.

2                So there was just no indication --

3    while it technically fits and there just was no other

4    indication that his true nature was that of a child

5    sex offender, which is the reason why this is the only

6    time I've ever come before a court to say that as an

7    office the Government did not believe requiring him to

8    register and labeling him as a child sex offender was

9    appropriate in this case.

10               He did commit criminal offenses

11   however, which is why we've crafted this superseding

12   indictment.

13               THE COURT:  Superseding information.

14               MS. ROTELLA:  Excuse me.  Superseding

15   information.  That particular charge, which is

16   importation of obscene material into the United States

17   does not require him to register as a child sex

18   offender.

19               And he has spent -- he was initially

20   arrested by Delaware County on these offenses and he

21   spent some time in state custody before the original

22   indictment was issued here and then we took him into

23   federal custody.  So I believe he's been in

24   approximately two years for these offenses.

25               And so our office thought it

1  appropriate to offer a time served plea, which is why

2  when we had spoken with counsel and also with the

3  probation office we thought it was appropriate to ask

4  for an expedited PSR in this case.

5          So that's the background.

6          THE COURT:  Well you've explained the

7  Government's position very well.  It sounds like a

8  very sensitive position that -- well I'm not going to

9  quarrel with it.  We did a time served calculation and

10 it appears it's a little more than two years.

11         MS. GAUGHAN:  It's about 29 months,

12 Your Honor, I believe.

13         THE COURT:  I have 2 years, 4 months,

14 12 days, almost 29 months.

15         MS. GAUGHAN:  Uh-huh.

16         THE COURT:  Well you've explained

17 yourself very well, and you're right, it's been quite

18 a while I've not had a situation like this.  I would

19 hope that the Government would be insensitive to the

20 needs of other defendants faced with the same

21 draconian charges and sex offender charges are in

22 reality draconian not in small part attributable to

23 the requirement that they register as a sex offender,

24 that's something that is really -- well impact it has

25 many, many consequences.

1           All right.  Does the defense wish to

2      say anything?

3           MS. GAUGHAN:  No, Your Honor.  At the

4      conclusion I would just give some more information as

5      to why I believe a protracted PRS a appropriate in

6      this case.

7           THE COURT:  All right.  And we'll --

8           MS. GAUGHAN:  But I --

9           THE COURT:  -- talk more about that.

10          MS. GAUGHAN:  Sure.

11          THE COURT:  Thank you, Ms. Rotella.

12          Are the parties ready to proceed with

13     the -- it would be an arraignment and guilty plea

14     hearing on the superseding information?

15          MS. GAUGHAN:  Yes, Your Honor.

16          THE COURT:  All right.  Will you come

17     forward with the Defendant, please.

18          MS. GAUGHAN:  Sure.

19          THE COURT:  Please administer the oath

20     to the Defendant.

21          THE CLERK:  Please raise your right

22     hand.

23        YOUNIES BAYOUMY, WITNESS, SWORN

24          THE CLERK:  Thank you.

25          THE COURT:  Mr. Bayoumy, let me explain

1   what we're going to do today. First I'm going to

2   arraign you on the new charges against you, single

3   charge, in what is called a superseding information.

4   You were already arraigned on the original indictment,

5   which contained nine or ten counts, more serious

6   charges against you and you pled not guilty.

7                In connection with your plea

8   negotiations with the Government the Government

9   determined that it was appropriate to file a

10   superseding information, which contains a serious

11   charge against you, but not nearly as serious a charge

12   as was set forth in the much more substantial original

13   indictment. Do you understand that?

14                THE DEFENDANT: Yes, Your Honor.

15                THE COURT: Have you read the

16   superseding information?

17                THE DEFENDANT: Yes, Your Honor.

18                THE COURT: All right. I'm going to

19   arraign you as I said. I will ask you at the end and

20   it's a very brief proceeding whether you wish to plead

21   not guilty, and I anticipate you'll say you wish to

22   plead guilty, and then we will proceed with a plea

23   hearing. And the plea hearing will address these

24   issues.

25                First I'm going to ask you some

1  background questions.  I'll do that in connection with

2  the arraignment and also a little more expansive

3  questioning in connection with the guilty plea

4  hearing.

5           I'm going to explain the rights that

6  you give up when you plead guilty.  This will be part

7  of the guilty plea hearing.

8           I'm going to explain the maximum

9  penalty that can be imposed as a result of your guilty

10 plea.

11          I'm going to have the Government

12 explain the plea agreement to make certain that you

13 understand the plea agreement.

14          I'm going to question you to determine

15 whether your decisions to plead guilty and to sign the

16 plea agreement were knowing and voluntary.  That you

17 knew what you were doing and that no one forced you

18 into doing it.

19          I then will explain the essential

20 elements of the charge in the superseding information.

21 The essential elements are what the Government must

22 prove beyond a reasonable doubt in order to obtain a

23 conviction.

24          And when that's completed I'll have the

25 Government summarize its evidence and ask you whether

1    you did the things the Government says you did.

2              Do you understand that procedure?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Do you have any questions

5    about it?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  If you wish to talk to

8    Ms. Gaughan at any time during the proceedings you may

9    do so.  Simply ask permission to step aside and speak

10   privately with her.  Privately and off the record.  Do

11   you understand that?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  If you do not understand

14   any of me questions I want you to say so and I will

15   explain them to you.  Do you understand that

16   instruction?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  If you go ahead and answer

19   a question I'm going to assume number 1, that you're

20   answering it truthful; and number 2, that you

21   understand the question.  Do you understand that?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  You should know because you

24   seek to plead guilty that I'm going to ask you

25   questions about the offense charged in the superseding

1    information.  You should know that your answers to
2    those questions may be used against you if you are
3    later prosecuted for perjury or for making a false
4    statement.  Do you have any questions about that?
5                    THE DEFENDANT:  No, Your Honor.
6                    THE COURT:  All right.  We'll proceed
7    with the arraignment.
8                    How old are you, Mr. Bayoumy?
9                    THE DEFENDANT:  Twenty-one.
10                   THE COURT:  Where were you born?
11                   THE DEFENDANT:  London.  West London.
12                   THE COURT:  That's London, England.
13                   THE DEFENDANT:  Yeah.
14                   THE COURT:  How far did you go in
15   school?
16                   THE DEFENDANT:  I actually admissioned
17   into university right before I came here, but I did
18   not manage to go back.
19                   THE COURT:  Did you attend any
20   university classes?
21                   THE DEFENDANT:  No.  I didn't get the
22   chance to do so yet.
23                   THE COURT:  Because you came here.
24                   THE DEFENDANT:  Yes.
25                   THE COURT:  I know the answer to this

1  question but I want it on the record.  Do you read,

2  write, and understand English?

3  　　　　　　　　THE DEFENDANT:  Yes.

4  　　　　　　　　THE COURT:  Are you currently under the

5  care of a physician?

6  　　　　　　　　THE DEFENDANT:  No.

7  　　　　　　　　THE COURT:  How would you describe your

8  health?

9  　　　　　　　　THE DEFENDANT:  Physical or mental?

10  　　　　　　　　THE COURT:  Physical first.

11  　　　　　　　　THE DEFENDANT:  I think my physical

12  health is well.  That's how I describe it.

13  　　　　　　　　THE COURT:  Are you taking any

14  medication?

15  　　　　　　　　THE DEFENDANT:  Yeah, but I'm taking it

16  for anxiety and depression currently.

17  　　　　　　　　THE COURT:  Now you're talking about

18  mental health.

19  　　　　　　　　THE DEFENDANT:  Yeah.

20  　　　　　　　　THE COURT:  How would you describe your

21  mental health?

22  　　　　　　　　THE DEFENDANT:  I believe that I have

23  some issues, but I feel that I could -- once I address

24  them that I could seek the right help and treatment

25  and become more efficient as a person I guess.

1    THE COURT:  You mentioned anxiety and

2 depression.  Is that what you think you have?

3    THE DEFENDANT:  No.  I'm saying that

4 the only medication I'm currently taking right now in

5 the Federal Detention Center is for anxiety and

6 depression.

7    THE COURT:  What is it?

8    THE DEFENDANT:  One of them is called

9 Sertraline, and the other one I forget the name.  I'm

10 bad with names.

11    THE COURT:  Ms. Gaughan, do you know

12 those medications?

13    MS. GAUGHAN:  I do not, Judge.  I knew

14 them originally, but I think that they changed.  But

15 he's correct as far as anxiety.  I thought it was --

16    THE COURT:  Ms. Rotella, there's an

17 ancient requirement not frequently followed that

18 states that the detention center or the marshals will

19 advise the Government of any psychotropic medications

20 on which a defendant is -- which are prescribed for a

21 defendant.  Do you have any such information?

22    MS. ROTELLA:  I do not, Your Honor.

23    THE COURT:  Do these medications that

24 you're taking, whatever they are, affect your ability

25 to understand my questions?

1    THE DEFENDANT:  No.  No, Your Honor.

2    THE COURT:  Do they affect your ability
3  to answer my questions?

4    THE DEFENDANT:  Absolutely not, Your
5  Honor.

6    THE COURT:  Okay.  For now that will
7  suffice.

8    Have you used any hard drugs in the
9  last week?

10    THE DEFENDANT:  No.  No, Your Honor.

11    THE COURT:  Have you ever used hard
12  drugs?  Hard drugs such as heroin or cocaine.

13    THE DEFENDANT:  Oh, no.  No.

14    THE COURT:  Have you used any marijuana
15  in the last week?

16    THE DEFENDANT:  No.

17    THE COURT:  Have you ever used
18  marijuana?

19    THE DEFENDANT:  Yes.

20    THE COURT:  When last?

21    THE DEFENDANT:  I would say three years
22  ago.

23    THE COURT:  Have you ever had any
24  treatment for addiction to marijuana?

25    THE DEFENDANT:  No.

1           THE COURT:  Have you consumed any

2    alcoholic beverages in the last week?

3           THE DEFENDANT:  No.

4           THE COURT:  Have you ever been told

5    you're an alcoholic?

6           THE DEFENDANT:  No.

7           THE COURT:  Ms. Gaughan and the federal

8    defender were appointed to represent you in this case.

9    Are you fully satisfied with Ms. Gaughan as your

10   attorney?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Are you fully satisfied

13   with her advice?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Have you received a copy of

16   the superseding information to which I referred

17   earlier?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Have you read it?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Do you understand it?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  It charges you in one count

24   with knowingly transporting into the United States

25   obscene, lewd, lascivious photographs and other matter

1  described as sexually explicit.  And lascivious,

2  visual depictions of minor number 1, which matter was

3  transported in interstate and foreign commerce on or

4  about June 21st, 2016 in this district in violation of

5  a provision of the United States Code, 18 United

6  States Code Section 1462(a).  Do you understand those

7  charges?

8  　　　　　　　THE DEFENDANT:  Yes, Your Honor.

9  　　　　　　　THE COURT:  Is there any need for me to

10  explain them in more detail?

11  　　　　　　　THE DEFENDANT:  No, Your Honor.

12  　　　　　　　THE COURT:  How do you wish to plead to

13  the charges in the superseding information?

14  　　　　　　　THE DEFENDANT:  Guilty.

15  　　　　　　　THE COURT:  All right.  We will now

16  proceed with the guilty plea hearing, which I

17  explained to you a bit earlier.

18  　　　　　　　A few more background questions.  Did

19  you ever marry the young woman you came to the United

20  States to visit?

21  　　　　　　　THE DEFENDANT:  No, Your Honor.

22  　　　　　　　THE COURT:  Is that your intention?

23  　　　　　　　THE DEFENDANT:  No, Your Honor.

24  　　　　　　　THE COURT:  At the time of your arrest

25  were you employed?

1          THE DEFENDANT:  No, but I was recently
2     employed prior to me coming here.
3          THE COURT:  And when was that and where
4     was that?
5          THE DEFENDANT:  I was -- I stopped
6     working in February and --
7          THE COURT:  What year, February?
8          THE DEFENDANT:  Oh, 2016 towards the
9     end of February.  I was just helping with like a local
10    hardware store.  I was helping them fix computer parts
11    and components, stuff like that.
12         THE COURT:  When did you come to the
13    United States?
14         THE DEFENDANT:  June 21st, 2016.
15         THE COURT:  And do you remember the
16    date on which you were arrested?
17         THE DEFENDANT:  Vaguely.  Yes.
18         THE COURT:  What?
19         THE DEFENDANT:  Huh?
20         THE COURT:  What was it?
21         THE DEFENDANT:  Oh, it was the same day
22    I came to the United States.
23         THE COURT:  June 21st.
24         THE DEFENDANT:  Yes.
25         THE COURT:  2016.  Have you ever been

1    married?

2              THE DEFENDANT:  No.

3              THE COURT:  Do you have any children?

4              THE DEFENDANT:  No.

5              THE COURT:  All right.  We've covered

6    the indictment, I'm now going to advise you of the

7    maximum penalty that can be imposed as a result of

8    your guilty plea.

9              You were charged with violating 18

10   United States Code Section 1462(a), the maximum

11   penalty that can be imposed as a result of your guilty

12   plea is 5 years incarceration, 3 years of supervised

13   release, a $250,000 fine, and a $100 special

14   assessment.  Do you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  In addition restitution

17   will be ordered and the property used to commit the

18   offense will also be ordered.  Do you understand that?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  I note, Ms. Rotella, that

21   you state that restitution will be ordered.  This is

22   restitution to the victim?

23             MS. ROTELLA:  Yes, Your Honor, but

24   she's not making a claim for any as of now.  We're

25   required to notice her by law of the sentencing

1    hearing coming up, I don't expect that she's going to

2    seek any restitution, but it is mandatory.

3                    THE COURT:  Fine.  And you're aware of

4    the restitution provisions which permit me to defer

5    ruling on restitution --

6                    MS. ROTELLA:  Yes, Your Honor.

7                    THE COURT:  -- for a short period of

8    time.  I think it's --

9                    MS. ROTELLA:  I think it's 90 day

10   actually.

11                   THE COURT:  I was going to say 60 or 90

12   days.  All right.

13                   In addition, Ms. Rotella, if the

14   Defendant is placed on supervised release, and he will

15   be if I agree with the Government, and he violates the

16   terms of his supervised release he can be incarcerated

17   for how long?

18                   MS. ROTELLA:  On a five-year sentence I

19   believe it's up to one year.

20                   THE COURT:  All right.  Do you

21   understand that, Mr. Bayoumy?

22                   THE DEFENDANT:  Yes, Your Honor.

23                   THE COURT:  You've been in custody,

24   whatever I do today you'll be placed on supervised

25   release for some period of time.  Supervised release

1    is supervision, you're not in custody.

2                    You're on your feet?

3            MS. ROTELLA:  I am, I'm sorry, I stand

4    corrected.

5            THE COURT:  It's more than one years.

6            MS. ROTELLA:  It's two years, you're

7    correct.

8            THE COURT:  Yes.

9            MS. ROTELLA:  And it's in his guilty

10   plea agreement, paragraph 5.

11           THE COURT:  It usually is.  I don't

12   know why the Government has stopped putting this

13   information in the change of plea memorandum, it's

14   usually in the plea agreement.  A lot of back and

15   forth, Mr. Bayoumy.

16               All this means is that if you're on

17   supervised release, which is supervision after you're

18   released from custody, and you violate the terms of

19   your supervised release you can be incarcerated again

20   for up to two years.  Do you understand that?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  All right.  Now, the

23   Government is required to indict you, and they did

24   quite some time ago on the original indictment.  They

25   then issued a much less severe superseding

1  information.  You have a right to require the

2  Government to indict you.  Do you understand that?

3  Probably not.  Let me explain it to you.

4          The Government in most cases without a

5  plea agreement, if a defendant insists, the Government

6  will have to present evidence to the grand jury and

7  the grand jury then decides whether there's probable

8  cause to believe a crime has been committed.  That's

9  what happens in most cases.  That's what happened in

10  your case at the very beginning.

11          Because of your plea agreement, your

12  plea negotiations the Government decided the original

13  indictment was too harsh, and although you were guilty

14  of those violations technically in actuality you had

15  not committed those crimes, you had not intended to

16  commit the crimes charged, so they issued a

17  superseding information, including only a lesser

18  charge, a less serious charge.  But you can still

19  insist on being indicted if you care to.  And I have

20  to tell you that you have a right to be indicted

21  whether it sounds silly or not under the circumstances

22  of this case.  Do you understand that?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  So I'm telling you, you

25  have a right to require the Government to indict you.

1   That means you have a right to require the Government

2   to present evidence to the grand jury and have the

3   grand jury determine whether there's probable cause to

4   believe you committed the crime charged in the

5   superseding information. Do you understand that?

6           THE DEFENDANT: Yes, Your Honor.

7           THE COURT: Now, you can give up that

8   right to be indicted, and before I determine whether

9   you do so, when you give up the right to be indicted

10   you give up the right to challenge deficiencies in the

11   indictment. You give up the right to challenge

12   deficiencies in the grand jury proceedings, including

13   misconduct of the prosecutor. And you give up the

14   right to challenge the make up of the grand jury.

15           Now, do you wish to give up to right to

16   be indicted?

17           MS. GAUGHAN: Your Honor, may I just --

18     (Pause)

19           MS. GAUGHAN: Thank you, Your Honor.

20           THE DEFENDANT: No, Your Honor, I do

21   not wish to be indicted.

22           THE COURT: I'm sorry, no, you do

23   not --

24           MS. GAUGHAN: Wish to be indicted.

25           THE COURT: Fine. That's what I

1   thought you said.  Is there a waiver of indictment

2   form?

3                   MS. GAUGHAN:  Yes, there is, Your

4   Honor.

5                   THE COURT:  May I see it?  Show this --

6   Michael, give this to Ms. -- we're going to have to

7   question the Defendant on this.

8                   Is that your signature on the waiver of

9   indictment form?

10                  THE DEFENDANT:  Yes, Your Honor.

11                  THE COURT:  Did you understand when you

12  signed it that you were giving up the right to be

13  indicted?

14                  THE DEFENDANT:  Yes, Your Honor.  Just

15  excuse me for appearing to not understand earlier on,

16  it was just the wording that confused me a little bit.

17  But yes, Your Honor, I do understand the waiver of

18  indictment.

19                  THE COURT:  And do you have any

20  questions about it?

21                  THE DEFENDANT:  No, Your Honor.

22                  THE COURT:  That's your signature on

23  the form?

24                  THE DEFENDANT:  Yes, Your Honor.

25                  THE COURT:  When did you sign it?

1          THE DEFENDANT:  I signed it

2   approximately 15 minutes before you arrived.

3          THE COURT:  All right.  And counsel

4   have signed it as well?

5          MS. ROTELLA:  Yes, Your Honor.

6          THE COURT:  All right.  I'll accept the

7   waiver of indictment form.

8          MS. ROTELLA:  Thank you.

9          THE COURT:  Will you hand it up,

10  please.

11         All right.  Now we'll address the

12  rights that you give up when you plead guilty.

13         You have many rights as you stand

14  before me, rights pretrial, those are rights before a

15  trial, and rights at trial, and you give up all of

16  these rights when you plead guilty, and so I'm going

17  to explain them to you.

18         First the pretrial rights that you give

19  up are these.

20         You give up the right to challenge the

21  manner of the arrest, the failure of the Government to

22  obtain a search warrant or an arrest warrant.  You

23  give up the right to challenge the method of obtaining

24  evidence.  You give up the right to challenge the

25  conduct of any search or other method of

1    investigation.  Those are the pre-trial rights that

2    you give up when you plead guilty.  Do you understand

3    that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Any questions about that?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  Now, you have a right to

8    plead not guilty and make the Government prove its

9    case.  Do you understand that?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Do you understand that

12   pleading guilty has the effect of a finding of guilty

13   after a jury trial?  So when you plead guilty you put

14   yourself in the same position as if you went to trial

15   and were convicted on that count to which you pled

16   guilty.  This single count, one count in the

17   superseding information.  Do you understand that?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Finally, Ms. Gaughan was

20   appointed to represent you in this case, and should

21   you decide not to plead guilty she will continue to

22   represent you in all other pretrial matters.  She will

23   represent you at trial.  And should you be convicted

24   on the charge in the superseding information she will

25   continue to represent you on appeal.  Do you

1  understand that?

2                    THE DEFENDANT:  Yes, Your Honor.

3                    THE COURT:  All right.  Now, I'm going

4  to discuss with you the rights that you have at trial

5  that you give up when you plead guilty, because there

6  is no trial with a guilty plea.

7                    First the presumption of innocence.  As

8  you stand before me you're presumed to be innocent,

9  and that presumption of innocence would remain with

10 you until such time as all 12 members of the jury

11 agree on your guilt.  Do you understand that?

12                    THE DEFENDANT:  Yes, Your Honor.

13                    THE COURT:  The Government is required

14 to prove every element of the offense charged in the

15 superseding information beyond all reasonable doubt.

16 Do you understand that when you plead guilty you give

17 up the right to require the Government to do so?

18                    THE DEFENDANT:  Yes, Your Honor.

19                    THE COURT:  As you stand before me you

20 have a right to a jury trial or if you prefer and the

21 Government agrees and I approve the case can be tried

22 to me sitting without a jury.  Do you understand that

23 when you plead guilty there are no trials?

24                    THE DEFENDANT:  Yes, Your Honor.

25                    THE COURT:  If you were to proceed with

1  a jury trial you give up certain rights, and I will

2  explain those to you now.

3              Well let me back up.  If you were to

4  proceed with a jury trial you have certain rights, all

5  of which you give up when you plead guilty.  Those are

6  the rights I'll explain to you now.

7              First, you have a right to participate

8  in jury selection.

9              Second, your attorney has an

10  opportunity to speak to the jury in an opening

11  statement and in a closing argument.

12              Third, your attorney has the right to

13  seek instructions to the jury which might be of

14  assistance to you.

15              And fourth, you can be convicted only

16  if all 12 members of your jury -- of the jury agree on

17  your guilt.

18              You give up all of these rights when

19  you plead guilty because there is no jury trial with a

20  guilty plea.  Do you understand that?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  Whether the case is tried

23  to a jury or to a judge sitting without a jury you

24  have additional rights, all of which you give up when

25  you plead guilty.  Because as I've said before, there

1    are no trials with a jury -- with a guilty plea.

2    These additional rights that you give up when you

3    plead guilty, additional rights associated with jury

4    and non-jury trials are these.

5                    One, you give up the right to confront

6    and cross-examine witnesses against you.

7                    Two, you give up the right to testify

8    in your own defense.

9                    Three, you give up the right not to be

10   a witness against yourself under the Fifth Amendment

11   to the constitution and the fact that you do not

12   testify cannot be held against you by the jury because

13   I would explain to the jury that that is your

14   constitutional right.

15                   Four, you give up the right to present

16   witnesses in your defense, including the right to

17   issue subpoenas to compel witnesses to come to court

18   to testify.

19                   And five, you may present character

20   witnesses whose testimony, considered together with

21   all of the other evidence, could raise a reasonable

22   doubt as to your guilt, and you give up that right

23   when you plead guilty.

24                   Because with respect to all of these

25   rights I've just explained to you with a guilty plea

1  there is no jury trial, there is no non-jury trial,

2  and so you give up these rights.  Do you understand

3  that?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  Any questions about that?

6                    THE DEFENDANT:  No, Your Honor.

7                    THE COURT:  Ordinarily the right to

8  appeal from a guilty plea is limited to errors in this

9  proceeding and to the imposition of an illegal

10  sentence.  Do you understand that?

11                    THE DEFENDANT:  Yes, Your Honor.

12                    THE COURT:  In this case under the

13  provisions of your guilty plea you have agreed to

14  additional limitations on your right to appeal and to

15  collaterally attack your conviction or sentence or

16  other matters relating to the prosecution.

17                    Let's talk a bit about the guilty plea

18  agreement.  Is the original in court?

19                    MS. GAUGHAN:  Yes, Your Honor.  I have

20  the original here.

21                    THE COURT:  Fine.  Will you take a look

22  at that original guilty plea agreement?  Have you read

23  it?

24                    THE DEFENDANT:  Yes, Your Honor.

25                    THE COURT:  You read it before today?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Did you understand it?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Did you discuss it with

5 Ms. Gaughan?

6            THE DEFENDANT:  Yes, Your Honor.  Well

7 I --

8            MS. GAUGHAN:  Just for the record, Your

9 Honor, Ms. Toplin is also on this case and I was away,

10 Ms. Toplin went on October 24th, which is the date of

11 the signed plea agreement, and reviewed the agreement

12 in its entirety with Mr. Bayoumy, who signed it along

13 with Ms. Toplin for my signature.

14            So I have discussed this with him in

15 detail but not -- I did not go over the actual plea

16 agreement, that was Ms. Toplin on October 24th.

17            THE COURT:  Fine.  Did Ms. Toplin

18 answer any questions that you had about the plea

19 agreement?

20            THE DEFENDANT:  Yes, Your Honor.

21            THE COURT:  Turn to the signature page,

22 which is page 12.  Is that your signature?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  And who signed the plea

25 agreement?  I have a signature line for you,

1    Ms. Gaughan, was it Ms. Toplin who signed it?

2                    MS. GAUGHAN:  It was Ms. Toplin who

3    signed that, Your Honor, yes.

4                    THE COURT:  And when was that done?

5                    MS. GAUGHAN:  October 24th, 2018, at

6    the Federal Detention Center.

7                    THE COURT:  All right.  Turn please to

8    the next page, the acknowledgment of rights form.  Did

9    you also read that form?  It's entitled acknowledgment

10   of rights and it's a three-page form.

11                   THE DEFENDANT:  Yes, Your Honor.

12                   THE COURT:  Did you understand it?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  Is that your signature?

15                   THE DEFENDANT:  Yes, Your Honor.

16                   THE COURT:  And did Ms. Toplin sign it

17   as well?

18                   MS. GAUGHAN:  She did, Your Honor,

19   again on that same day, October 24th.

20                   THE COURT:  All right.  Did you

21   understand the acknowledgment of rights form to

22   explain the rights that you give up when you plead

23   guilty?

24                   THE DEFENDANT:  Yes, Your Honor.

25                   THE COURT:  And is it correct that the

1  rights that you acknowledged giving up when you plead

2  guilty in that form are the same rights that I

3  explained to you today you give up when you plead

4  guilty?

5         THE DEFENDANT: Yes, Your Honor.

6         THE COURT: All right. We were talking

7  about the right to appeal and to collaterally attack

8  your conviction or sentence or other matters relating

9  to the prosecution, and I told you that ordinarily an

10 appeal from a guilty plea is limited to errors

11 committed in this proceeding or to the imposition of

12 an unlawful sentence.

13         In the plea agreement, and it begins at

14 page -- I think what I'm going to have you do,

15 Ms. Rotella, is come forward and read the provisions

16 of the plea agreement or explain the provisions of the

17 plea agreement relating to the limitations on the

18 right to appeal and the limitations on the right to

19 collaterally attack. No, no, Ms. Gaughan, you've been

20 here before.

21         MS. GAUGHAN: Okay.

22         THE COURT: You're going to remain, and

23 so is Mr. Bayoumy. Back.

24         Ms. Rotella? You're not -- what will

25 happen now, and the same procedure will be followed

1    with respect to the other provisions of the plea

2    agreement, Ms. Rotella will explain to you the

3    provisions of the plea agreement that relate to your

4    right to appeal, the limitations on your right to

5    appeal, and the limitations on your right to

6    collaterally attack your conviction, your sentence, or

7    any other matter relating to the proceeding.

8                MS. ROTELLA:  So --

9                THE COURT:  Beginning with what

10   paragraph?

11               MS. ROTELLA:  We're beginning with

12   paragraph 13, which is on page 8, Your Honor.  It

13   looks a little bit different because this is a C plea.

14               THE COURT:  It's very different.

15               MS. ROTELLA:  So in paragraph 13 it

16   talks about if the Court does accept what we've

17   recommended to him, which was a sentence of time

18   served and a plea to the charge that you're entering a

19   plea to, then we agree that we are not going to file

20   any appeal of the sentence and you agree that you're

21   voluntarily and expressly waiving all your rights to

22   appeal or to collaterally attack your conviction, your

23   sentence, or anything else that would arise under any

24   other provision of law.

25               So as part of your knowing and

1  voluntary waiver of your rights to appeal and

2  collaterally attack your conviction and sentence you

3  agree that you're waiving the right to raise an

4  appeal, any argument that number 1, the statute to

5  which you're pleading guilty is unconstitutional, or

6  number 2, that your conduct, the facts of the case, do

7  not fall within the scope of the statute.

8          But you're always retaining the right,

9  no matter what you're doing here today, you still

10 retain the right to file a claim that an attorney who

11 represented you during the course -- any part of this

12 criminal case that they were constitutional

13 ineffective for you and didn't provide you effective

14 assistance of counsel.  Do you understand that?

15          THE DEFENDANT:  Yes.

16          MS. ROTELLA:  Okay.  So now paragraph

17 14 talks about if the Court doesn't say that time

18 served here is appropriate and that he -- that the

19 Court rejects our recommendation and you still decide

20 that you're going to end up pleading guilty here and

21 entering a guilty plea without our objection, then you

22 agree that you're voluntarily and expressly waiving

23 all rights to appeal or collaterally attack your

24 conviction, your sentence, or anything else that

25 arises under any provides of law.

1        And as part of your knowing waiver and

2   voluntary waiver you expressly waive your right to

3   raise on appeal number 1, the same things, that the

4   statutes that you're pleading guilty to is

5   unconstitutional, and that your conduct doesn't fall

6   within the scope of the charge here.

7        However, if we end up appealing from

8   the sentence then of course you can appeal, right?

9        THE DEFENDANT:  Uh-huh.

10        MS. ROTELLA:  In paragraph B if we

11   don't appeal then you're very much limiting your --

12   what you're permitted to appeal here.  You can only

13   appeal and claim that your sentence exceeds the

14   statutory maximum.  So right now we've said your

15   statutory maximum is five years.  So if you get a

16   sentence above that you can appeal.

17        THE DEFENDANT:  Uh-huh.

18        MS. ROTELLA:  If you're challenging a

19   decision that the judge imposed an upward departure or

20   an upward variance from what we determined the

21   sentencing guidelines are here, and of course again

22   that any attorney that represented you during the

23   course of this case provided ineffective assistance of

24   counsel for you.

25        If you do appeal or seek collateral

1  relief you can't do it other than what we've talked

2  about here.

3                    THE DEFENDANT:  Okay.

4                    MS. ROTELLA:  And that's -- the second

5  paragraph I read to you is only in the -- if the judge

6  decides he's not going to impose a time served

7  sentence here, if he thinks that's not appropriate.

8                    THE DEFENDANT:  Okay.

9                    MS. ROTELLA:  Okay?

10                   THE DEFENDANT:  Thank you.

11                   THE COURT:  I think that covers the

12  limitations on your right to appeal and to

13  collaterally attack.  Well you didn't touch the

14  collateral attack issue and you didn't explain it.

15  But a collateral attack can occur, an attack on your

16  conviction, your sentence, or other matters after a

17  sentence is imposed and after you've appealed if you

18  believe your attorney has rendered ineffective --

19  constitutionally ineffective assistance of counsel.

20  That's the most typical type of collateral attack.

21  It's called a motion for writ of habeas corpus, and

22  you -- while there's certain limitations on your right

23  to do that.  Do you understand that?

24                   THE DEFENDANT:  Yes, Your Honor.

25                   THE COURT:  All right.  I think that

1  covers that.  Thank you very much, Ms. Rotella.  You

2  might be back in a few minutes, Ms. Rotella.

3              Do you have any questions about the

4  limitations on your right to appeal and to

5  collaterally attack your conviction, your sentence, or

6  other matters relating to the prosecution?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  Do you understand that by

9  pleading guilty and by waiving the rights I have

10  discussed with you, you cannot later come to any court

11  and claim that you were not guilty or that your rights

12  had been violated?

13              THE DEFENDANT:  Yes, Your Honor.

14              THE COURT:  Do you understand that if

15  you get a longer sentence than you may expect or if

16  you find that prison is worse than you thought you'll

17  still be stuck with your guilty plea?  And that's not

18  so in this case is it?  There's an opportunity -- I

19  must say I've been away since all these papers

20  arrived, that's because you continued this hearing so

21  many times I can't recall, each time became less

22  convenient.  This was the least convenient time.  I

23  didn't arrive back in the city until very late last

24  night and have not had an opportunity to read

25  everything that I would ordinarily have read.

1          What does the plea agreement provide
2  with respect to the right to withdraw the guilty plea
3  if I do not accept the Government's recommended
4  sentence?

5          MS. ROTELLA:  So he is permitted to
6  withdraw his guilty plea --

7          THE COURT:  Fine.

8          MS. ROTELLA:  -- if he so chooses, or
9  he can still --

10         THE COURT:  All right.

11         MS. ROTELLA:  -- stick with his guilty
12  plea.

13         THE COURT:  All right.  And you'll
14  cover that in just a moment.  I think that moment is
15  here.

16         I'm going to have Ms. Rotella explain
17  the plea agreement just to make certain that you
18  understand it, your understanding is the same as hers
19  and the Government's.  And what I want you to do,
20  Ms. Rotella, will come forward, you'll remain at the
21  lectern.  If she says something that you don't
22  understand or if she says something with which you do
23  not agree then I will expect you to stop us, just
24  raise your hand, and we'll explain it to you.  We'll
25  proceed that way.

1    At the end of her recitation I'm going
2  to ask whether -- first of all you've understood it,
3  what she has to say about the plea agreement, number
4  1; and number 2, whether what she said about the plea
5  agreement is the same as your understanding of the
6  plea agreement.  Ms. Rotella.
7    MS. ROTELLA:  So in paragraph 1 you're
8  agreeing that you're going to plead guilty to Count 1
9  in the superseding information today, the charge that
10 we're talking about which is importation of obscene
11 matter into the United States.
12    In paragraph 2 it talks about that we
13 reached an agreed upon sentence here that we're going
14 to recommend to the Court, that he sentence you to
15 time served, condition to have no contact with the
16 victim or her family, and that's this provision is
17 what we're talking about here that the Court just
18 spoke about.  If the Court decides that they're not
19 going to go -- he's not going go with that
20 recommendation then either the Defendant or the
21 Government would have the right to withdraw from the
22 plea and we can go to trial instead.
23    Paragraph 3 talks about what we will do
24 at the time of sentencing, which is that we'll move to
25 dismiss the charges in the indictment that were filed.

1   We can still make whatever other sentencing

2   recommendation to the Court that we think is

3   appropriate, and we can comment on any of the evidence

4   here or any of the circumstances of the case, and

5   we're not limited in what we can comment to the Court

6   at the time of sentencing.

7           Paragraph 4 talks about your statutory

8   maximums that the Court already went over with you.

9           Paragraph 5 again talks about what

10  would happen if you violate on supervised release,

11  that the Court could resentence you to up to two years

12  in prison.

13          Paragraphs 6, 7, and 8 all talk about

14  your financial responsibilities under this plea

15  agreement, as does paragraph 9, that you'll owe $100

16  special assessment at the time of your conviction.

17          Paragraph 10 talks about the items that

18  are going to be forfeited as part of this plea, and

19  these are all items that had evidence on them and that

20  you used to commit the crimes here.

21          Paragraph 11 talks about the

22  stipulations that we've reached as part of this plea

23  agreement, and these will be used to calculate what

24  your sentencing guideline range is.

25          So for your offense in paragraph 11(a)

1  we agree that because your importation of material

2  involved a minor here, Section 2(g)(2.2) has to be

3  applied in order to calculate what your guidelines

4  are.  And your base offense level is established at a

5  22.

6              In paragraph 11(c) you agree and

7  stipulate that your activities were limited to the

8  receipt of child exploitation material and you didn't

9  traffic any images, so it reduces your offense level

10  by two.

11              Paragraph (d) that you agree and

12  stipulate that it involved a pattern of sexual

13  exploitation of the minor victim because it happened

14  over a two-year period and was clearly more than two

15  times.  So you have an offense level elevation by five

16  points.

17              Paragraph (e) that your crimes involve

18  the use of a computer or an interactive computer

19  service, including your cell phone service for

20  commission of these offenses which increases your

21  level by two.  There were more than 600 images here

22  and that under federal law videos are counted as --

23  one video counts as 75 images.  So your whole

24  collection is more than 600.  That increases your

25  level by five.

1    And under paragraphs (g) and (h)
2  because you did agree to plead guilty and you notified
3  of that very early on you're entitled to a three point
4  decrease.
5    Paragraph 12 talks about what would
6  happen if you commit a crime in between today's date
7  when you enter your plea and the date of sentencing.
8  That we could say that it's a breach, we could try to
9  withdraw from this plea agreement, or we could proceed
10  forward.
11    Paragraph 13 and 14 are the ones we
12  just read to you about your waiver of all your rights,
13  your appellate rights and your collateral rights.
14    Paragraph 15, sometimes when defendants
15  raise -- waive their rights to appeal or collaterally
16  attack they file one any way.  So in paragraph 15 it
17  talks about if you do that -- you choose to do that
18  this is how we could -- this is the ramification, we
19  could consider it a breach of the plea agreement and
20  can seek to get out of the agreement and prosecute you
21  on the original indictment.
22    Paragraph 16, you understand because
23  you are not a citizen here in the United States that
24  your guilty plea will result in your being subject to
25  immigration proceedings and will likely result in your

1  being removed from the United States, denied

2  citizenship, and admission into the United States in

3  the future.  And that just says that you've discussed

4  that with your attorneys and that you understand the

5  consequences of your guilty plea.

6          THE DEFENDANT:  Uh-huh.

7          MS. ROTELLA:  And it also talks about

8  how you agree to facilitate that process, to get it

9  moving so that you can go back to -- leave the United

10 States.

11         Paragraph 17 talks about your waiver of

12 rights under the Freedom of Information Act for

13 getting any documents related to your case.

14         Paragraph 18 talks about how you are

15 satisfied the services that your attorneys have

16 rendered to you, that you've discussed the agreement

17 with them, and you're pleading guilty because you are

18 guilty here.

19         Paragraph 19 talks about that

20 everything -- every agreement that we've made is in

21 this written document here, that we don't have any

22 side deals or promise to do anything other than what's

23 in the agreement.

24         THE DEFENDANT:  Thank you.

25         THE COURT:  Did you understand what

1    Ms. Rotella said about the plea agreement?

2               THE DEFENDANT:  Yes, Your Honor.

3               THE COURT:  Is what she said about the

4    plea agreement the same as your understanding of the

5    plea agreement?

6               THE DEFENDANT:  Yes, Your Honor.

7               THE COURT:  Do you have any questions

8    about the plea agreement?

9               THE DEFENDANT:  No, Your Honor.

10              THE COURT:  Fine.  You may return to

11   your seat.  Thank you, Ms. Rotella.

12              Do you have any agreements with the

13   Government other than the plea agreement in this case?

14              THE DEFENDANT:  No, Your Honor.

15              THE COURT:  Did anyone ask you to

16   answer my questions today untruthfully?

17              THE DEFENDANT:  No, Your Honor.

18              THE COURT:  Did you decide to plead

19   guilty of your own free will?

20              THE DEFENDANT:  Yes, Your Honor.

21              THE COURT:  Did anyone force you into

22   pleading guilty?

23              THE DEFENDANT:  No, Your Honor.

24              THE COURT:  Did you decide to sign the

25   plea agreement of your own free will?

1       THE DEFENDANT:  Yes, Your Honor.

2       THE COURT:  Did anyone force you into

3  signing the plea agreement?

4       THE DEFENDANT:  No, Your Honor.

5       THE COURT:  The plea agreement provides

6  for an agreed upon sentence, which I may accept or

7  reject.  The agreed upon sentence is time served,

8  which is roughly 28 and a half months.  I'm not going

9  to decide today whether to accept that recommendation.

10  Instead I will order -- it's call a presentence

11  investigation to learn a little bit more about the

12  case, and I'll decide after I talk to the probation

13  officer, which will come in just a few minutes,

14  whether I will order an expedited investigation, which

15  is an investigation that will be completed in roughly

16  30 days or the regular -- the normal investigation,

17  which is completed in a total of about 90 days.  I'll

18  decide a little later in the proceedings which course

19  I will follow.

20       And in any event when I receive the

21  presentence report I will then be able to decide

22  whether to accept the recommendation of the

23  Government, and that is that I sentence you to a time

24  served sentence.  Do you understand that?

25       THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  All right.  Do you have any

2    questions about that?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Now, there's some

5    collateral consequences of this proceeding if I accept

6    your plea.  You stand guilty of a felony conviction,

7    and as a consequence you're subject to deportation or

8    removal from the United States.  Do you understand

9    that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Has that been explained to

12    you?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Do you have any questions

15    about that?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  You'll also be deprived of

18    certain civil rights such as the right to possess a

19    firearm.  Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Any questions about that?

22          THE DEFENDANT:  No, Your Honor.

23          THE COURT:  Are there any other civil

24    rights that you believe are applicable in this case,

25    Ms. Rotella?

1          MS. ROTELLA:  No, Your Honor.

2          MS. GAUGHAN:  No, Your Honor.

3          THE COURT:  All right.  All right.

4  Now, I'm going to turn to the essential elements of

5  the offense charged.

6          The essential elements are what the

7  Government must prove beyond a reasonable doubt in

8  order to obtain a conviction.  They are three in

9  nature.

10          To obtain a conviction for importation

11  of obscene materials in violation of 18 United States

12  Code Section 1462(a) the Government must prove each of

13  the following elements beyond a reasonable doubt.

14          Number 1, that you knowingly brought

15  into the United States; 2, obscene, lewd, lascivious

16  picture, or other matter of indecent character; or 3,

17  any obscene, lewd, lascivious article or thing capable

18  of producing sound.

19          Do you understand that?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Do you have any questions

22  about that?

23          THE DEFENDANT:  No, Your Honor.

24          THE COURT:  We've already covered the

25  guilty plea memorandum and you said you understood it.

1  Have you read the second document filed by the

2  Government, Government change of plea memorandum?

3            MS. GAUGHAN:  Your Honor, I read that

4  to Mr. Bayoumy this morning, including the factual

5  basis.

6            THE COURT:  And that's what I'm going

7  to cover now.

8            The last part of this proceeding

9  requires a presentation of the factual basis for the

10 plea.  The factual basis is actually a summary of the

11 Government's evidence in this case, and it is set

12 forth in this document entitled Government change of

13 plea memorandum.  Have you read that yourself?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  You're on your feet,

16 Ms. Rotella.

17           MS. ROTELLA:  No, no.  I was going to

18 give him a copy.

19           MS. GAUGHAN:  Your Honor, we've read

20 through it together.  Like I read it to him as he

21 followed through the actual words on the paragraph.

22           THE COURT:  I'm going to ask you two

23 questions about that, don't answer them yet.

24           The first question is, did you do all

25 of the things the Government says you did in that part

1  of the plea memorandum entitled factual basis for the

2  guilty plea?

3          And the second, it's the flip side of

4  that, is there anything the Government says you did

5  that you say you did not do?

6          Now, do you want to go back and reread

7  this part of the change of plea memorandum before you

8  -- or well it's called change of plea but it isn't,

9  it's a plea memorandum.  Do you want to go back and

10  reread that or read it or are you prepared to answer

11  those questions now?

12          THE DEFENDANT:  No, I'll answer.

13          THE COURT:  You understand you have a

14  right to go back to your desk?

15          THE DEFENDANT:  No, I understand.

16          THE COURT:  All right.  Did you do all

17  of the things the Government says you did in the part

18  of the document entitled change of plea memorandum,

19  which is subtitled factual basis for the plea?  Did

20  you do all of these things?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Is there anything the

23  Government says you did that you say you did not do?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  All right.  I think that

1   establishes a factual basis for the plea.  Do you

2   agree, Ms. Rotella?

3            MS. ROTELLA:  Yes, Your Honor.

4            THE COURT:  Ms. Gaughan?

5            MS. GAUGHAN:  I do.  Yes, Your Honor.

6            THE COURT:  Ms. Gaughan, are you

7   satisfied that a change -- that a guilty plea at this

8   time would be entered knowingly, voluntarily, and

9   intelligently?

10           MS. GAUGHAN:  Yes, Your Honor.

11           THE COURT:  Ms. Rotella, are you

12   satisfied that a guilty plea at this time would be

13   entered knowingly, voluntarily, and intelligently?

14           MS. ROTELLA:  Yes, Your Honor.

15           THE COURT:  Before I receive your plea

16   of guilty do you have any questions for me,

17   Mr. Bayoumy?

18           THE DEFENDANT:  No, Your Honor.

19           THE COURT:  Have you understood all of

20   my questions?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  Have you answered them

23   truthfully?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Do you wish to talk to

1    Ms. Gaughan before I receive your plea of guilty?

2                    THE DEFENDANT:  No, Your Honor.

3                    THE COURT:  All right.  Mr. Cosgrove,

4    will you receive a Defendant's plea of guilty to Count

5    1 of the superseding information in this case?

6                    THE CLERK:  Younies Bayoumy, you are

7    charged in criminal superseding information No. 17-184

8    charging you in Count 1 with importation of obscene

9    matter in violation of Title 18 United States Code

10   Section 1452(a).  Now, how do you plead, guilty or not

11   guilty?

12                   THE DEFENDANT:  Guilty.

13                   THE CLERK:  Thank you.

14                   THE COURT:  Mr. Bayoumy, it is the

15   finding of the Court in the case of United States of

16   America versus Younies Bayoumy, Criminal No. 17-184,

17   that you are fully competent and capable of entering

18   an informed plea and that your plea of guilty is a

19   knowing and voluntary plea supported by an independent

20   basis in fact containing each of the essential

21   elements of the offense charged in Count 1 of the

22   superseding information.  Your guilty plea is thereof

23   accepted and you are now adjudged guilty of the

24   offense charged in Count 1 of the superseding

25   information.

1             All right.  Will you hand up the

2  original of the plea agreement, please.  And do You --

3  Ms. Rotella, have you filed the original of the change

4  of plea memorandum?

5             MS. ROTELLA:  No, sir, I do after they

6  actually enter the plea.

7             THE COURT:  Fine.

8             MS. ROTELLA:  So I'll do that --

9             THE COURT:  Fine.

10            MS. ROTELLA:  -- when I go back to my

11  office.

12            THE COURT:  All right.  That ends the

13  plea hearing.

14            Next we have to set a date for

15  sentencing, and before I do that I'd like to hear from

16  the probation officer.  The Government has requested

17  an expedited presentence investigation in this case.

18  What would be included in that investigation, and what

19  kind of a report would I receive from you at the end

20  of that 30-day period?

21            PROBATION OFFICER SHEHATA:  Your Honor,

22  it would be a modified report.  So the part C offender

23  character 6 would be a modified version since he will

24  be removed from the United States.

25            THE COURT:  What's a modified version?

1      PROBATION OFFICER SHEHATA:  It's just
2  shorter, it doesn't have his -- a whole background
3  history, it just has partial.
4      MS. GAUGHAN:  Your Honor, may I speak
5  on that, because it's really -- it's a joint request
6  and it's really I think probably more so the defense
7  request for an expedited presentence report.
8      The modified report, which includes the
9  part C which the probation officer is referring to,
10  the personal characteristics.
11      As this Court stated this case has been
12  continued a number of times -- a significant number of
13  times due to the complexity of the issues that were
14  presented in this case.
15      The Government agreed to meet with the
16  experts that we retained, which was an individual who
17  was expert, a psychologist in the evaluation of
18  individuals on the spectrum and more specifically
19  diagnosed with what --
20      THE COURT:  You're talking about the
21  autism spectrum.
22      MS. GAUGHAN:  Yes, the Aspersers --
23  yes, the autism.  So Dr. Sutton did an extensive
24  evaluation, which included us having to get a very
25  long and detailed biographical information regarding

1   Mr. Bayoumy from the time that he was an infant,

2   because that is part of the evaluation in determining

3   whether or not someone actually is on the spectrum.

4           Mr. Bayoumy's case was a little

5   different however, Your Honor, because Mr. Bayoumy had

6   been already diagnosed in the United kingdom with

7   Aspersers.  I provided documents earlier this morning

8   to probation detailing those diagnoses.

9           So in this case we know far more about

10  Mr. Bayoumy than I believe with all due respect over

11  the probation department that any presentence report

12  would have.  I'm going to provide all of that

13  information.

14          In meeting with the Government and

15  meeting with both our doctor who performed the

16  evaluation of Mr. Bayoumy, and of course I'll provide

17  that to the Court in a sentencing memorandum and along

18  with Mr. Mahoney who is an attorney who is an expert

19  that deals with these types of cases with individuals

20  such as Mr. Bayoumy that have this diagnosis across

21  the country specifically with regard to sex -- child

22  sex cases and child pornography.

23          So we have much, much information to

24  provide to the Court and I certainly will provide all

25  of that to probation and to the Court as well.

1          So the modified portion of the report
2     really deals with his history, which we have a very,
3     very detailed history, including a lot of information
4     from his mother who we are in constant contact with in
5     London.
6          So for those reasons, Your Honor, I
7     believe under the circumstances of this case where the
8     recommendation and hopefully the Court after
9     considering all of the issues presented today and at
10    the time of sentencing will agree that a time served
11    sentence under these unique set of facts both with
12    regards to Mr. Bayoumy's diagnosis as well as the
13    facts of the case would warrant a time served
14    sentence.
15         So because of those -- for those
16    reasons I would ask the Court to consider the
17    expedited presentence report.  And I don't do that
18    lightly and I know courts don't usually order those
19    expedited except for in very unique circumstances, and
20    I think that this is one of those.
21         So for those reasons, Your Honor, I
22    would ask that the Court order the presentence report
23    be expedited.
24         THE COURT:  All right.  Now, with an
25    expedited report when can we expect the report?

1      PROBATION OFFICER SHEHATA: Thirty days

2  would be -- I can get it done within 30 days.

3      THE COURT: And so we -- yes.

4      MS. GAUGHAN: And I'm sorry, when I

5  said expedited I was wrong, that's actually -- even

6  the modified is the 30 days, the expedited is even

7  sooner. We're not asking for an expedited, we're

8  asking for a modified that just doesn't include the

9  personal history sections.

10      THE COURT: So we'll get the report

11  roughly in 30 days. We.

12      PROBATION OFFICER SHEHATA: No, Your

13  Honor, I'm sorry. Sentencing can be in 30 days. I

14  can have it complete before then.

15      THE COURT: I'm sorry, say that again?

16      PROBATION OFFICER SHEHATA: Sentencing

17  can be around 30 days, I can have the report completed

18  before that time.

19      THE COURT: Well I was going to say, it

20  goes to the defense and to the Government. What is

21  the procedure for objections to the modification?

22      PROBATION OFFICER SHEHATA: For a

23  modified report there is no objection period, there

24  will only be one final report.

25      MS. GAUGHAN: And since it's an

1    negotiated sentence where we really are agreed upon

2    all of the issues I don't think that that would come

3    into light in this case, there would be no objections

4    I don't believe by either side.

5            THE COURT:  All right.  But if there

6    are you'll still be permitted to raise them at

7    sentencing and I'll rule on them at sentencing.

8            MS. GAUGHAN:  Thank you.

9            THE COURT:  All right.  I have no

10   further questions.  But we'll have to decide on a

11   sentencing date.  You'll get the report in 30 days.

12           MS. GAUGHAN:  Your Honor, I believe

13   we'll get a copy of the report within two weeks from

14   the probation.  So we -- I believe the probation

15   officer said, you know, at 30 days we would be ready

16   for sentencing, whatever the Court's schedule permits.

17           THE COURT:  My schedule is deadly.

18           MS. GAUGHAN:  I know.

19           THE COURT:  I'm starting a high profile

20   criminal case.  Well we're actually starting pretrial

21   proceedings on Monday but the trial will start on

22   November 13th and it will last the whole month, and

23   I'm not scheduling the -- I'm not squeezing this

24   sentencing in.  It's too complicated a case, and

25   because of many issues, including the fact that I

1    really had to be away because I was a presenter, and

2    although the presentation involved civil matters it

3    involved antitrust issues, I had to be away, and I'm

4    going to have to play catch up, which I'm doing now.

5                    Thirty days from today Michael would

6    be --

7                    THE CLERK:  The 2nd of December.

8                    THE COURT:  -- I guess December 2nd.

9    That case is estimated to take three weeks and will

10   end Friday, November 30th, but that doesn't consider

11   the Thanksgiving holiday, so we're going to -- I'll

12   try to schedule this some time in early December.

13       (Court confers with clerk)

14                   THE COURT:  Well I hate to cover the

15   things on the calendar that we're not certain will go

16   forward.  We can schedule this for December 13th at

17   12:45.  Is that convenient for everybody?

18                   MS. ROTELLA:  Yes, Your Honor.

19                   MS. GAUGHAN:  Yes, Your Honor.

20                   THE COURT:  That's what we'll do.

21   That's Thursday, December 13th at 12:45.

22                   All right.  Now, let me explain what

23   will happen at sentencing, Mr. Bayoumy.

24                   First you'll have a right to speak to

25   me about anything you deem appropriate, it's referred

1    to as your right of allocution.

2                    Second you can present evidence,

3    letters or other writings from people who hopefully

4    would say good things about you and testimony in court

5    from such people.

6                    Thirdly your attorney will be able to

7    argue to me as to an appropriate sentence.

8                    The Government also has the right to

9    present evidence and to argue as to an appropriate

10   sentence, and they will argue that I impose the time

11   served sentence covered by the plea agreement.

12                   And at that time after I have the

13   presentence report and hear what everyone says I will

14   know, I will be able to rule on whether to accept the

15   time served sentence.  I don't want you to think that

16   I will not accept it because I haven't accepted it

17   today, I just need to know more about you, and I will

18   -- well I will know, I will be provided with the

19   information I need before the December 13th sentence

20   date.  So you can expect a ruling from me at that time

21   on the time served sentence.

22                   And if I rule yes you'll be sentenced

23   with time served.  We haven't talked about supervised

24   release, I'll hear from the Government on that.

25                   There's a provision in the sentencing

1  guidelines to the effect that where a defendant is

2  subject to removal and where there's no requirement, a

3  mandatory term of supervised release, and there is

4  none in this case, I can waive supervised release.

5  I'm not sure what I'll do, but whatever you'll

6  probably remain in custody pending removal. Is that

7  your understanding, Ms. Gaughan?

8          MS. GAUGHAN: Yes, Your Honor.

9          THE COURT: In other words if I

10 sentence you to time served you're not going to be

11 able to get rid of that jumpsuit and walk out of here

12 because you're subject to removal, and more on that

13 later. Do you have any questions about anything I've

14 said?

15         THE DEFENDANT: No, Your Honor.

16         THE COURT: About the sentencing, the

17 procedure. Ms. Gaughan, anything?

18         MS. GAUGHAN: No, Your Honor. Just

19 that obviously once the time if in fact you do --

20 impose a time served sentence then he would be

21 transferred to immigration.

22         THE COURT: ICE custody.

23         MS. GAUGHAN: Yeah, to York,

24 Pennsylvania for deportation and for removal

25 proceedings.

1    THE COURT:  By -- they call it

2  Immigration and Customs Enforcement, I'm sure you know

3  it better than I, it's called ICE, whatever that means

4  to you, I won't put on the record the expression on

5  your face, that's what will happen.  I just want you

6  to know what will happen, that's why I'm telling you

7  this.

8    THE DEFENDANT:  No, I'm all right with

9  this, Your Honor.

10    THE COURT:  I'm sure you are.

11    Ms. Rotella, anything else?

12    MS. ROTELLA:  No, Your Honor.  Thank

13  you.

14    THE COURT:  Thank you.  With that court

15  is adjourned, Defendant is remanded to the custody of

16  the U.S. Marshals.

17    MS. GAUGHAN:  Thank you, Your Honor.

18    THE DEFENDANT:  Thank you, Your Honor.

19    (Proceedings concluded at 12:33 p.m.)

20            *  *  *  *  *  *

21

22

23

24

25

CERTIFICATION

        I, Dawn South, certify that the foregoing is
a correct transcript from the official electronic
sound recording of the proceedings in the above-
entitled matter.

_____

DAWN SOUTH, APPROVED TRANSCRIPTIONIST


Dated:  November 6, 2018

## 0

**00184**  1:3

## 1

**1**  1:3 12:19 18:2
36:4 37:3 41:4,7,8
49:14 53:5,8,21,24
**1-888-777-6690**
1:25
**10**  42:17
**100**  20:13 42:15
**11**  42:21,25 43:6
**11:20**  1:5
**12**  8:14 28:10
29:16 32:22 44:5
**1250**  1:12
**12:33**  1:5 63:19
**12:45**  60:17,21
**13**  2:4 35:12,15
44:11
**13th**  59:22 60:16
60:21 61:19
**14**  36:17 44:11
**1452**  53:10
**1462**  18:6 20:10
49:12
**15**  5:14 26:2 44:14
44:16
**16**  44:22
**17**  5:14 45:11
**17-184**  3:11 53:7
53:16
**18**  2:5,6 6:21 7:1
18:5 20:9 45:14
49:11 53:9
**1800**  1:24
**1801**  1:24
**19**  6:9 45:19
**19103**  1:24
**19106**  1:15

**19106-4476**  1:12

## 2

**2**  1:4 8:13 12:20
36:6 41:4,12 43:2
49:15
**2.2**  43:2
**2016**  18:4 19:8,14
19:25
**2018**  1:4 33:5
64:11
**21st**  18:4 19:14,23
**22**  43:5
**24th**  32:10,16 33:5
33:19
**250,000**  20:13
**28**  47:8
**29**  8:11,14
**2:17**  1:3
**2nd**  60:7,8

## 3

**3**  2:3 20:12 41:23
49:16
**30**  47:16 54:20
58:2,6,11,13,17
59:11,15
**30th**  60:10

## 4

**4**  8:13 42:7

## 5

**5**  20:12 22:10 42:9
**53**  2:7
**540**  1:15

## 6

**6**  42:13 54:23
64:11
**60**  21:11
**600**  43:21,24
**601**  1:14

**615**  1:11

## 7

**7**  42:13
**75**  43:23

## 8

**8**  35:12 42:13

## 9

**9**  42:15
**90**  21:9,11 47:17

## a

**a.m.**  1:5
**ability**  15:24 16:2
**able**  47:21 61:6,14
62:11
**absolutely**  16:4
**accept**  26:6 35:16
40:3 47:6,9,22
48:5 61:14,16
**accepted**  53:23
61:16
**acknowledged**
34:1
**acknowledgment**
33:8,9,21
**act**  45:12
**activities**  43:7
**actual**  32:15 50:21
**actuality**  23:14
**addiction**  16:24
**addition**  20:16
21:13
**additional**  29:24
30:2,3 31:14
**address**  10:23
14:23 26:11
**adjourned**  63:15
**adjudged**  53:23
**administer**  9:19

**admission**  45:2
**admissioned**  13:16
**adult**  5:17,19
**advance**  3:18
**advice**  17:13
**advise**  15:19 20:6
**affect**  15:24 16:2
**age**  5:14 6:15,16
6:21 7:1
**ago**  16:22 22:24
**agree**  21:15 28:11
29:16 35:19,20
36:3,22 40:23
43:1,6,11 44:2
45:8 52:2 57:10
**agreed**  31:13
41:13 47:6,7
55:15 59:1
**agreeing**  41:8
**agreement**  11:12
11:13,16 22:10,14
23:5,11 31:18,22
32:11,11,16,19,25
34:13,16,17 35:2,3
40:1,17 41:3,5,6
42:15,23 44:9,19
44:20 45:16,20,23
46:1,4,5,8,13,25
47:3,5 54:2 61:11
**agreements**  46:12
**agrees**  28:21
**ahead**  12:18
**alcoholic**  17:2,5
**allegations**  5:6
**allocution**  61:1
**amendment**  30:10
**america**  1:3 3:8
53:16
**ancient**  15:17
**answer**  12:18
13:25 16:3 32:18

46:16 50:23 51:10 51:12
**answered** 52:22
**answering** 12:20
**answers** 13:1
**anticipate** 10:21
**antitrust** 60:3
**anxiety** 14:16 15:1 15:5,15
**anybody** 6:21,23
**apologize** 4:13
**appeal** 27:25 31:8 31:14 34:7,10,18 35:4,5,20,22 36:1 36:4,23 37:3,8,11 37:12,13,16,25 38:12 39:4 44:15
**appealed** 38:17
**appealing** 37:7
**appear** 3:20
**appearances** 1:9
**appearing** 25:15
**appears** 8:10
**appellate** 44:13
**applicable** 48:24
**applied** 43:3
**appointed** 17:8 27:20
**appropriate** 7:9 8:1,3 9:5 10:9 36:18 38:7 42:3 60:25 61:7,9
**approve** 28:21
**approved** 4:25 64:9
**approximately** 7:24 26:2
**argue** 61:7,9,10
**argument** 29:11 36:4

**arises** 36:25
**arraign** 10:2,19
**arraigned** 10:4
**arraignment** 1:7 2:4 3:15,23 9:13 11:2 13:7
**arrest** 18:24 26:21 26:22
**arrested** 7:20 19:16
**arrive** 39:23
**arrived** 26:2 39:20
**article** 49:17
**aside** 12:9
**asking** 58:7,8
**aspersers** 55:22 56:7
**assessment** 20:14 42:16
**assigned** 4:24
**assistance** 29:14 36:14 37:23 38:19
**assistant** 4:23
**associated** 30:3
**assume** 12:19
**atlantic** 1:23
**attack** 31:15 34:7 34:19 35:6,22 36:2,23 38:13,14 38:15,15,20 39:5 44:16
**attend** 13:19
**attorney** 4:24 17:10 29:9,12 36:10 37:22 38:18 56:18 61:6
**attorney's** 1:11
**attorneys** 45:4,15
**attributable** 8:22
**autism** 5:4 55:21 55:23

**aware** 6:6 21:3

**b**

**b** 37:10
**back** 6:2 13:18 22:14 29:3 34:23 39:2,23 45:9 51:6 51:9,14 54:10
**background** 8:5 11:1 18:18 55:2
**bad** 15:10
**base** 43:4
**basis** 5:12 50:5,9 50:10 51:1,19 52:1 53:20
**bayoumy** 1:5 3:8 4:21 5:6,16,24 6:8 9:23,25 13:8 21:21 22:15 32:12 34:23 50:4 52:17 53:6,14,16 56:1,5 56:10,16,20 60:23
**bayoumy's** 5:4 6:4 56:4 57:12
**began** 5:13
**beginning** 23:10 35:9,11
**begins** 34:13
**believe** 7:7,23 8:12 9:5 14:22 21:19 23:8 24:4 38:18 48:24 56:10 57:7 59:4,12,14
**better** 63:3
**beverages** 17:2
**beyond** 11:22 28:15 49:7,13
**biographical** 55:25
**bit** 18:17 25:16 31:17 35:13 47:11

**born** 13:10
**bottom** 3:18
**breach** 44:8,19
**brief** 10:20
**brought** 5:2 49:14

**c**

**c** 3:1 35:13 43:6 54:22 55:9
**calculate** 42:23 43:3
**calculation** 8:9
**calendar** 60:15
**call** 3:7 47:10 63:1
**called** 10:3 15:8 38:21 51:8 63:3
**capable** 49:17 53:17
**care** 14:5 23:19
**case** 3:7,18 4:1,1 4:18 5:11,14,25 6:15 7:9 8:4 9:6 17:8 23:10,22 27:9,20 28:21 29:22 31:12 32:9 36:6,12 37:23 39:18 42:4 45:13 46:13 47:12 48:24 50:11 53:5,15 54:17 55:11,14 56:4,9 57:7,13 59:3,20,24 60:9 62:4
**cases** 23:4,9 56:19 56:22
**catch** 60:4
**cause** 23:8 24:3
**cell** 43:19
**center** 15:5,18 33:6
**certain** 11:12 29:1 29:4 38:22 40:17

48:18 60:15
**certainly** 56:24
**certification** 64:1
**certify** 64:3
**challenge** 24:10,11
24:14 26:20,23,24
**challenging** 37:18
**chance** 13:22
**change** 3:12 4:7
5:12 22:13 50:2
50:12 51:7,8,18
52:7 54:3
**changed** 15:14
**character** 30:19
49:16 54:23
**characteristics**
55:10
**charge** 3:19 5:8
7:15 10:3,11,11
11:20 23:18,18
27:24 35:18 37:6
41:9
**charged** 4:21,23
4:25 12:25 20:9
23:16 24:4 28:14
49:5 53:7,21,24
**charges** 6:10 8:21
8:21 10:2,6 17:23
18:7,13 41:25
**charging** 53:8
**chestnut** 1:11
**child** 4:22 5:9 6:11
6:14,18 7:4,8,17
43:8 56:21,22
**children** 20:3
**choose** 44:11
**chooses** 40:8
**circumstances**
23:21 42:4 57:7
57:19

**citizen** 44:23
**citizenship** 45:2
**city** 4:11,12 39:23
**civil** 48:18,23 60:2
**claim** 20:24 36:10
37:13 39:11
**classes** 13:20
**clearly** 43:14
**clerk** 9:21,24 53:6
53:13 60:7,13
**closing** 29:11
**cocaine** 16:12
**code** 18:5,6 20:10
49:12 53:9
**collateral** 37:25
38:14,15,20 44:13
48:5
**collaterally** 31:15
34:7,19 35:6,22
36:2,23 38:13
39:5 44:15
**collection** 6:20
43:24
**come** 6:5 7:6 9:16
19:12 30:17 34:15
39:10 40:20 47:13
59:2
**coming** 19:2 21:1
**comment** 42:3,5
**commerce** 18:3
**commission** 43:20
**commit** 7:10 20:17
23:16 42:20 44:6
**committed** 23:8
23:15 24:4 34:11
**company** 1:23
**compel** 30:17
**compelling** 4:3
**competent** 53:17
**complete** 58:14

**completed** 11:24
47:15,17 58:17
**complexity** 55:13
**complicated** 59:24
**components** 19:11
**computer** 19:10
43:18,18
**concluded** 63:19
**conclusion** 9:4
**condition** 41:15
**conduct** 6:12
26:25 36:6 37:5
**confers** 60:13
**confront** 30:5
**confused** 25:16
**connection** 10:7
11:1,3
**consequence** 48:7
**consequences** 8:25
45:5 48:5
**consider** 44:19
57:16 60:10
**considered** 30:20
**considering** 57:9
**constant** 57:4
**constitution** 30:11
**constitutional**
30:14 36:12
**constitutionally**
38:19
**consumed** 17:1
**contact** 5:17 41:15
57:4
**contained** 10:5
**containing** 53:20
**contains** 10:10
**continue** 27:21,25
**continued** 5:15,17
39:20 55:12
**convenient** 39:22
39:22 60:17

**conversation** 5:20
5:21
**conversations**
6:23
**convict** 6:14
**convicted** 27:15
27:23 29:15
**conviction** 11:23
31:15 34:8 35:6
35:22 36:2,24
38:16 39:5 42:16
48:6 49:8,10
**copy** 4:14 17:15
50:18 59:13
**corpus** 38:21
**correct** 15:15 22:7
33:25 64:4
**corrected** 22:4
**correctly** 3:9
**cosgrove** 1:16 53:3
**counsel** 5:2 8:2
26:3 36:14 37:24
38:19
**count** 17:23 27:15
27:16,16 41:8
53:4,8,21,24
**counted** 43:22
**country** 56:21
**counts** 10:5 43:23
**county** 7:20
**course** 5:1,18
36:11 37:8,21,23
47:18 56:16
**court** 1:1,23 3:2,7
3:11 4:9,15 7:6,13
8:6,13,16 9:7,9,11
9:16,19,25 10:15
10:18 12:4,7,13,18
12:23 13:6,10,12
13:14,19,23,25
14:4,7,10,13,17,20

15:1,7,11,16,23
16:2,6,11,14,17,20
16:23 17:1,4,7,12
17:15,19,21,23
18:9,12,15,22,24
19:3,7,12,15,18,20
19:23,25 20:3,5,16
20:20 21:3,7,11,20
21:23 22:5,8,11,22
23:24 24:7,22,25
25:5,11,19,22,25
26:3,6,9 27:5,7,11
27:19 28:3,13,19
28:25 29:22 30:17
31:5,7,12,18,21,25
32:2,4,17,21,24
33:4,7,12,14,16,20
33:25 34:6,22
35:9,14,16 36:17
36:19 38:11,25
39:8,10,14 40:7,10
40:13 41:14,17,18
42:2,5,8,11 45:25
46:3,7,10,15,18,21
46:24 47:2,5 48:1
48:4,11,14,17,21
48:23 49:3,21,24
50:6,15,22 51:13
51:16,22,25 52:4,6
52:11,15,19,22,25
53:3,14,15 54:7,9
54:12,25 55:11,20
56:17,24,25 57:8
57:16,22,24 58:3
58:10,15,19 59:5,9
59:17,19 60:8,13
60:14,20 61:4
62:9,16,22 63:1,10
63:14,14
**court's** 2:7 59:16

**courts** 57:18
**cover** 40:14 50:7
60:14
**covered** 3:20 20:5
49:24 61:11
**covers** 38:11 39:1
**cr** 1:3
**crafted** 7:11
**crime** 23:8 24:4
44:6
**crimes** 23:15,16
42:20 43:17
**criminal** 3:11 7:10
36:12 53:7,16
59:20
**cross** 30:6
**currently** 14:4,16
15:4
**custody** 7:21,23
21:23 22:1,18
62:6,22 63:15
**customs** 63:2

## d

**d** 2:1 3:1 43:11
**date** 1:4 19:16
32:10 44:6,7
54:14 59:11 61:20
**dated** 64:11
**dawn** 64:3,9
**day** 19:21 21:9
33:19 54:20
**days** 8:14 21:12
47:16,17 58:1,2,6
58:11,13,17 59:11
59:15 60:5
**deadly** 59:17
**deals** 45:22 56:19
57:2
**december** 60:7,8
60:12,16,21 61:19

**decide** 27:21 36:19
46:18,24 47:9,12
47:18,21 59:10
**decided** 23:12
**decides** 23:7 38:6
41:18
**decision** 37:19
**decisions** 11:15
**decrease** 44:4
**deem** 60:25
**defendant** 1:6,13
2:4,6 5:13 9:17,20
10:14,17 12:3,6,12
12:17,22 13:5,9,11
13:13,16,21,24
14:3,6,9,11,15,19
14:22 15:3,8,20,21
16:1,4,10,13,16,19
16:21,25 17:3,6,11
17:14,18,20,22
18:8,11,14,21,23
19:1,5,8,14,17,19
19:21,24 20:2,4,15
20:19 21:14,22
22:21 23:5,23
24:6,20 25:7,10,14
25:21,24 26:1
27:4,6,10,18 28:2
28:12,18,24 29:21
31:4,6,11,24 32:1
32:3,6,20,23 33:11
33:13,15,24 34:5
36:15 37:9,17
38:3,8,10,24 39:7
39:13 41:20 45:6
45:24 46:2,6,9,14
46:17,20,23 47:1,4
47:25 48:3,10,13
48:16,20,22 49:20
49:23 50:14 51:12
51:15,21,24 52:18

52:21,24 53:2,12
62:1,15 63:8,15,18
**defendant's** 53:4
**defendants** 8:20
44:14
**defender** 17:8
**defenders** 1:14
**defense** 9:1 30:8
30:16 55:6 58:20
**defer** 21:4
**deficiencies** 24:10
24:12
**delaware** 7:20
**denied** 45:1
**department** 56:11
**departure** 37:19
**depict** 6:21
**depictions** 18:2
**deportation** 48:7
62:24
**depression** 14:16
15:2,6
**deprived** 48:17
**describe** 14:7,12
14:20
**described** 18:1
**desk** 51:14
**detail** 18:10 32:15
**detailed** 55:25
57:3
**detailing** 56:8
**detention** 15:5,18
33:6
**determine** 3:23
11:14 24:3,8
**determined** 10:9
37:20
**determining** 56:2
**diagnosed** 55:19
56:6

| | | | |
|---|---|---|---|
| diagnoses 56:8 | electronic 64:4 | examine 30:6 | failure 26:21 |
| diagnosis 5:4 | element 28:14 | exceeds 37:13 | fall 36:7 37:5 |
| 56:20 57:12 | elements 11:20,21 | excuse 7:14 25:15 | false 13:3 |
| difference 6:16 | 49:4,6,13 53:21 | expansive 11:2 | family 41:16 |
| different 35:13,14 | elevation 43:15 | expect 21:1 39:15 | far 13:14 15:15 |
| 56:5 | employed 18:25 | 40:23 57:25 61:20 | 56:9 |
| direction 5:23 | 19:2 | expedited 3:24 4:4 | february 19:6,7,9 |
| discuss 28:4 32:4 | encompassed 4:7 | 8:4 47:14 54:17 | federa 1:14 |
| discussed 32:14 | ended 4:17 | 55:7 57:17,19,23 | federal 7:23 15:5 |
| 39:10 45:3,16 | ends 54:12 | 57:25 58:5,6,7 | 17:7 33:6 43:22 |
| discussing 5:5 | enforcement 63:2 | expert 55:17 56:18 | feel 14:23 |
| discussion 2:3 | engaged 4:19 5:21 | experts 5:2 55:16 | feet 22:2 50:15 |
| dismiss 41:25 | engaging 5:20 | explain 3:21 9:25 | felony 48:6 |
| district 1:1,1,8 6:1 | england 5:25 | 11:5,8,12,19 12:15 | fifth 30:10 |
| 18:4 | 13:12 | 18:10 23:3 26:17 | figure 3:17 |
| doctor 56:15 | english 14:2 | 29:2,6 30:13 | file 10:9 35:19 |
| document 45:21 | enter 44:7 54:6 | 33:22 34:16 35:2 | 36:10 44:16 |
| 50:1,12 51:18 | entered 52:8,13 | 38:14 40:16,24 | filed 41:25 50:1 |
| documents 45:13 | entering 35:18 | 60:22 | 54:3 |
| 56:7 | 36:21 53:17 | explained 8:6,16 | filing 5:7 6:10 |
| doing 11:17,18 | entirety 32:12 | 18:17 30:25 34:3 | final 58:24 |
| 36:9 60:4 | entitled 33:9 44:3 | 48:11 | finally 27:19 |
| doubt 11:22 28:15 | 50:12 51:1,18 | explicit 5:21,22 | financial 42:14 |
| 30:22 49:7,13 | 64:6 | 18:1 | find 39:16 |
| dr 55:23 | equipment 6:5,17 | exploitation 43:8 | finding 2:7 27:12 |
| draconian 8:21,22 | errors 31:8 34:10 | 43:13 | 53:15 |
| drugs 16:8,12,12 | esq 1:10,13 | expression 63:4 | fine 20:13 21:3 |
| dubois 1:8 | esr 1:16 | expressly 35:21 | 24:25 31:21 32:17 |
| due 55:13 56:10 | essential 11:19,21 | 36:22 37:2 | 40:7 46:10 54:7,9 |
| | 49:4,6 53:20 | extensive 55:23 | firearm 48:19 |
| **e** | established 43:4 | | first 4:23 10:1,25 |
| e 1:8 2:1 3:1,1 | establishes 52:1 | **f** | 14:10 26:18 28:7 |
| 43:17 | estimated 60:9 | face 63:5 | 29:7 41:2 50:24 |
| earlier 17:17 | evaluation 55:17 | faced 8:20 | 60:24 |
| 18:17 25:15 56:7 | 55:24 56:2,16 | facilitate 45:8 | fits 6:12 7:3 |
| early 44:3 60:12 | event 47:20 | fact 6:17,24 30:11 | five 21:18 30:19 |
| eastern 1:1 6:1 | everybody 60:17 | 53:20 59:25 62:19 | 37:15 43:15,25 |
| effect 27:12 62:1 | evidence 11:25 | facts 36:6 57:11,13 | fix 19:10 |
| effective 36:13 | 23:6 24:2 26:24 | factual 5:12 50:4,9 | flip 51:3 |
| efficient 14:25 | 30:21 42:3,19 | 50:10 51:1,19 | follow 47:19 |
| either 41:20 59:4 | 50:11 61:2,9 | 52:1 | |

**followed** 15:17
34:25 50:21
**following** 49:13
**force** 46:21 47:2
**forced** 11:17
**foregoing** 64:3
**foreign** 18:3
**forensic** 6:17
**forfeited** 42:18
**forget** 15:9
**form** 25:2,9,23
26:7 33:8,9,10,21
34:2
**forth** 6:2,11 10:12
22:15 50:12
**forward** 6:13 9:17
34:15 40:20 44:10
60:16
**found** 6:24
**four** 30:15
**fourth** 29:15
**free** 46:19,25
**freedom** 45:12
**frequently** 15:17
**friday** 60:10
**fully** 17:9,12 53:17
**further** 59:10
**future** 45:3

**g**

**g** 3:1 43:2 44:1
**gaughan** 1:13 3:5
3:10 8:11,15 9:3,8
9:10,15,18 12:8
15:11,13 17:7,9
24:17,19,24 25:3
27:19 31:19 32:5
32:8 33:1,2,5,18
34:19,21 49:2
50:3,19 52:4,5,6
52:10 53:1 55:4
55:22 58:4,25

59:8,12,18 60:19
62:7,8,17,18,23
63:17
**getting** 45:13
**give** 9:4 11:6 24:7
24:9,10,11,13,15
25:6 26:12,15,18
26:20,23,24 27:2
28:5,16 29:1,5,18
29:24 30:2,5,7,9
30:15,22 31:2
33:22 34:3 50:18
**giving** 25:12 34:1
**go** 6:2,13 12:18
13:14,18 32:15
41:19,19,22 45:9
51:6,9,14 54:10
60:15
**goes** 58:20
**going** 8:8 10:1,1
10:18,25 11:5,8,11
11:14 12:19,24
20:6 21:1,11 25:6
26:16 28:3 34:14
34:22 35:19 36:20
38:6 40:16 41:1,8
41:13,19,19 42:18
47:8 49:4 50:6,17
50:22 56:12 58:19
60:4,11 62:10
**good** 3:2,4,5 61:4
**government** 1:10
3:17,21 4:11 5:3
7:7 8:19 10:8,8
11:11,21,25 12:1
15:19 21:15 22:12
22:23 23:2,4,5,12
23:25 24:1 26:21
27:8 28:13,17,21
41:21 46:13 47:23
49:7,12 50:2,2,12

50:25 51:4,17,23
54:16 55:15 56:14
58:20 61:8,24
**government's** 4:6
5:11 8:7 40:3,19
50:11
**grand** 23:6,7 24:2
24:3,12,14
**guess** 14:25 60:8
**guideline** 42:24
**guidelines** 37:21
43:3 62:1
**guilt** 28:11 29:17
30:22
**guilty** 2:5,6 9:13
10:6,21,22 11:3,6
11:7,9,15 12:24
18:14,16 20:8,11
22:9 23:13 26:12
26:16 27:2,8,12,12
27:13,16,21 28:5,6
28:16,23 29:5,19
29:20,25 30:1,3,23
30:25 31:8,13,17
31:22 33:23 34:2
34:4,10 36:5,20,21
37:4 39:9,11,17
40:2,6,11 41:8
44:2,24 45:5,17,18
46:19,22 48:6
49:25 51:2 52:7
52:12,16 53:1,4,10
53:11,12,18,22,23

**h**

**h** 44:1
**habeas** 38:21
**half** 47:8
**hand** 4:14 9:22
26:9 40:24 54:1
**happen** 34:25
42:10 44:6 60:23

63:5,6
**happened** 4:6 23:9
43:13
**happening** 4:17
**happens** 23:9
**hard** 16:8,11,12
**hardware** 19:10
**harsh** 23:13
**hate** 60:14
**health** 14:8,12,18
14:21
**hear** 54:15 61:13
61:24
**hearing** 1:7 3:13
9:14 10:23,23
11:4,7 18:16 21:1
39:20 54:13
**held** 30:12
**help** 14:24
**helping** 19:9,10
**heroin** 16:12
**high** 59:19
**history** 55:3 57:2
57:3 58:9
**holiday** 60:11
**honor** 3:4,5,10
4:13,18 8:12 9:3
9:15 10:14,17
12:3,6,12,17,22
13:5 15:22 16:1,5
16:10 17:11,14,18
17:20,22 18:8,11
18:21,23 20:15,19
20:23 21:6,22
22:21 23:23 24:6
24:17,19,20 25:4
25:10,14,17,21,24
26:5 27:4,6,10,18
28:2,12,18,24
29:21 31:4,6,11,19
31:24 32:3,6,9,20

32:23 33:3,11,13
33:15,18,24 34:5
35:12 38:24 39:7
39:13 46:2,6,9,14
46:17,20,23 47:1,4
47:25 48:3,10,13
48:16,20,22 49:1,2
49:20,23 50:3,14
50:19 51:21,24
52:3,5,10,14,18,21
52:24 53:2 54:21
55:4 56:5 57:6,21
58:13 59:12 60:18
60:19 62:8,15,18
63:9,12,17,18
honorable 1:8
hope 8:19
hopefully 57:8
61:3
huh 8:15 19:19
37:9,17 45:6

**i**

ice 62:22 63:3
illegal 31:9
images 5:22 6:2,20
6:25 43:9,21,23
immigration
44:25 62:21 63:2
impact 8:24
importation 7:16
41:10 43:1 49:10
53:8
impose 38:6 61:10
62:20
imposed 11:9 20:7
20:11 37:19 38:17
imposition 31:9
34:11
incarcerated
21:16 22:19

incarceration
20:12
inclined 4:3,4
include 58:8
included 54:18
55:24
includes 55:8
including 5:16
23:17 24:12 30:16
43:19 50:4 57:3
59:25
increases 43:20,24
indecent 49:16
independent 53:19
indication 7:2,4
indict 22:23 23:2
23:25
indicted 23:19,20
24:8,9,16,21,24
25:13
indictment 3:20
7:12,22 10:4,13
20:6 22:24 23:13
24:11 25:1,9,18
26:7 41:25 44:21
individual 55:16
individuals 55:18
56:19
ineffective 36:13
37:23 38:18,19
infant 56:1
information 3:14
3:19 4:8 5:8 7:13
7:15 9:4,14 10:3
10:10,16 11:20
13:1 15:21 17:16
18:13 22:13 23:1
23:17 24:5 27:17
27:24 28:15 41:9
45:12 53:5,7,22,25
55:25 56:13,23

57:3 61:19
informed 53:18
initially 7:19
innocence 28:7,9
innocent 28:8
insensitive 8:19
insist 23:19
insists 23:5
instance 6:18
instruction 12:16
instructions 29:13
intelligently 52:9
52:13
intended 23:15
intention 18:22
interactive 43:18
internet 5:24 6:22
interstate 18:3
investigation 3:24
4:4 6:9 27:1 47:11
47:14,15,16 54:17
54:18
involve 5:8 43:17
involved 5:7 6:10
43:2,12 60:2,3
issue 30:17 38:14
issued 7:22 22:25
23:16
issues 10:24 14:23
55:13 57:9 59:2
59:25 60:3
items 42:17,19

**j**

jan 1:8
jd 1:3
joint 55:5
judge 1:8 15:13
29:23 37:19 38:5
judges 4:12
jumpsuit 62:11

june 18:4 19:14,23
jury 23:6,7 24:2,3
24:12,14 27:13
28:10,20,22 29:1,4
29:8,10,13,16,16
29:19,23,23 30:1,3
30:4,12,13 31:1,1

**k**

kathleen 1:13
kind 54:19
kingdom 56:6
knew 11:17 15:13
know 3:25 4:1,6
12:23 13:1,25
15:11 22:12 56:9
57:18 59:15,18
61:14,17,18 63:2,6
knowing 11:16
35:25 37:1 53:19
knowingly 17:24
49:14 52:8,13

**l**

labeling 7:8
lack 6:15
laid 5:11
lascivious 17:25
18:1 49:15,17
late 3:16 39:23
law 20:25 35:24
36:25 43:22
learn 47:11
leave 45:9
lectern 40:21
led 6:9
legally 6:13
lesser 23:17
letters 61:3
level 43:4,9,15,21
43:25

**lewd**  17:25 49:15
  49:17
**light**  59:3
**lightly**  57:18
**limitations**  31:14
  34:17,18 35:4,5
  38:12,22 39:4
**limited**  31:8 34:10
  42:5 43:7
**limiting**  37:11
**line**  3:19 32:25
**little**  8:10 11:2
  25:16 35:13 47:11
  47:18 56:4
**local**  19:9
**located**  5:24,25
**london**  13:11,11
  13:12 57:5
**long**  21:17 55:25
**longer**  39:15
**look**  31:21
**looks**  35:13
**lot**  22:14 57:3

**m**

**m**  1:13
**mahoney**  56:18
**making**  13:3 20:24
**manage**  13:18
**mandatory**  21:2
  62:3
**manner**  26:21
**manufacture**  5:22
**manufacturing**
  6:11,14
**marijuana**  16:14
  16:18,24
**market**  1:24
**married**  20:1
**marry**  18:19
**marshals**  15:18
  63:16

**material**  6:22 7:16
  43:1,8
**materials**  49:11
**matter**  17:25 18:2
  35:7 36:9 41:11
  49:16 53:9 64:6
**matters**  27:22
  31:16 34:8 38:16
  39:6 60:2
**maximum**  11:8
  20:7,10 37:14,15
**maximums**  42:8
**means**  22:16 24:1
  63:3
**medication**  14:14
  15:4
**medications**  15:12
  15:19,23
**meet**  55:15
**meeting**  4:11,12
  56:14,15
**members**  28:10
  29:16
**memorandum**  4:7
  5:12 22:13 49:25
  50:2,13 51:1,7,9
  51:18 54:4 56:17
**mental**  14:9,18,21
**mentioned**  15:1
**method**  26:23,25
**michael**  1:16 25:6
  60:5
**michelle**  1:10
**mid**  1:23
**minor**  5:19 6:8,24
  18:2 43:2,13
**minutes**  26:2 39:2
  47:13
**misconduct**  24:13
**modification**
  58:21

**modified**  54:22,23
  54:25 55:8 57:1
  58:6,8,23
**moment**  40:14,14
**monday**  59:21
**month**  59:22
**months**  8:11,13,14
  47:8
**morning**  3:2,4,5
  3:13 50:4 56:7
**mother**  57:4
**motion**  38:21
**move**  41:24
**moving**  45:9

**n**

**n**  2:1 3:1
**name**  15:9
**names**  15:10
**national**  1:23
**nature**  6:23 7:4
  49:9
**nearly**  10:11
**need**  18:9 61:17,19
**needs**  8:20
**negotiated**  59:1
**negotiations**  5:1
  10:8 23:12
**never**  4:9,10
**new**  10:2
**night**  39:24
**nine**  10:5
**non**  30:4 31:1
**normal**  47:16
**note**  20:20
**notice**  3:18 20:25
**notified**  44:2
**november**  1:4
  59:22 60:10 64:11
**number**  4:22
  12:19,20 18:2
  36:4,6 37:3 41:3,4

49:14 55:12,12

**o**

**o**  3:1
**oath**  9:19
**objection**  36:21
  58:23
**objections**  58:21
  59:3
**obscene**  7:16
  17:25 41:10 49:11
  49:15,17 53:8
**obtain**  11:22 26:22
  49:8,10
**obtaining**  26:23
**obviously**  62:19
**occur**  38:15
**october**  32:10,16
  33:5,19
**offender**  5:9 7:5,8
  7:18 8:21,23
  54:22
**offense**  12:25
  20:18 28:14 42:25
  43:4,9,15 49:5
  53:21,24
**offenses**  4:22 6:18
  7:10,20,24 43:20
**offer**  8:1
**office**  1:11,14 4:19
  4:24 7:7,25 8:3
  54:11
**officer**  47:13
  54:16,21 55:1,9
  58:1,12,16,22
  59:15
**official**  64:4
**oh**  4:16 16:13 19:8
  19:21
**okay**  4:16 16:6
  34:21 36:16 38:3
  38:8,9

old 13:8
once 14:23 62:19
ones 44:11
opening 29:10
operator 1:16
opportunity 29:10
  39:18,24
opposite 6:25
order 11:22 43:3
  47:10,14 49:8
  57:18,22
ordered 20:17,18
  20:21
ordinarily 31:7
  34:9 39:25
original 6:10 7:21
  10:4,12 22:24
  23:12 31:18,20,22
  44:21 54:2,3
originally 4:21
  15:14
owe 42:15

**p**

p 3:1
p.m. 1:5 63:19
pa 1:4,12,15,24
page 2:2 32:21,22
  33:8,10 34:14
  35:12
papers 39:19
paragraph 22:10
  35:10,12,15 36:16
  37:10 38:5 41:7
  41:12,23 42:7,9,15
  42:17,21,25 43:6
  43:11,17 44:5,11
  44:14,16,22 45:11
  45:14,19 50:21
paragraphs 42:13
  44:1

parents 6:7,7
part 8:22 11:6
  35:25 36:11 37:1
  42:18,22 50:8,25
  51:7,17 54:22
  55:9 56:2
partial 55:3
participate 29:7
particular 5:11
  6:15,19 7:15
parties 9:12
parts 19:10
pattern 43:12
pause 3:6 24:18
penalty 11:9 20:7
  20:11
pending 62:6
pennsylvania 1:1
  6:1 62:24
people 6:25 61:3,5
performed 56:15
period 5:18 21:7
  21:25 43:14 54:20
  58:23
perjury 13:3
permission 12:9
permit 21:4
permits 59:16
permitted 37:12
  40:5 59:6
person 14:25
personal 55:10
  58:9
philadelphia 1:4
  1:12,15,24
phone 43:19
photographs
  17:25
physical 14:9,10
  14:11

physician 14:5
picture 49:16
placed 21:14,24
play 60:4
plea 1:7 2:5,6 3:12
  4:7 5:12 8:1 9:13
  10:7,22,23 11:3,7
  11:10,12,13,16
  18:16 20:8,12
  22:10,13,14 23:5
  23:11,12 28:6
  29:20 30:1,25
  31:8,13,17,22
  32:11,15,18,24
  34:10,13,16,17
  35:1,3,13,18,19
  36:21 39:17 40:1
  40:2,6,12,17 41:3
  41:4,6,22 42:14,18
  42:22 44:7,9,19,24
  45:5 46:1,4,5,8,13
  46:25 47:3,5 48:6
  49:25 50:2,10,13
  51:1,2,7,8,9,18,19
  52:1,7,12,15 53:1
  53:4,18,18,19,22
  54:2,4,6,13 61:11
plead 10:20,22
  11:6,15 12:24
  18:12 26:12,16
  27:2,8,13,21 28:5
  28:16,23 29:5,19
  29:25 30:3,23
  33:22 34:1,3 41:8
  44:2 46:18 53:10
pleading 27:12
  36:5,20 37:4 39:9
  45:17 46:22
please 3:3 9:17,19
  9:21 26:10 33:7
  54:2

pled 10:6 27:15
point 44:3
points 43:16
pornography 6:11
  6:14 56:22
portion 57:1
position 8:7,8
  27:14
possess 48:18
possessed 6:25
pre 27:1
prefer 28:20
prepare 3:23
prepared 51:10
prescribed 15:20
present 23:6 24:2
  30:15,19 61:2,9
presentation 50:9
  60:2
presented 5:3
  55:14 57:9
presentence 3:24
  47:10,21 54:17
  55:7 56:11 57:17
  57:22 61:13
presenter 60:1
presumed 28:8
presumption 28:7
  28:9
pretrial 26:14,18
  27:22 59:20
prior 19:2
prison 39:16 42:12
privately 12:10,10
probable 23:7
  24:3
probably 23:3
  55:6 62:6
probation 8:3
  47:12 54:16,21
  55:1,9 56:8,11,25

58:1,12,16,22
59:14,14
**procedure** 12:2
34:25 58:21 62:17
**proceed** 3:14,22
9:12 10:22 13:6
18:16 28:25 29:4
40:25 44:9
**proceeding** 10:20
31:9 34:11 35:7
48:5 50:8
**proceedings** 12:8
24:12 44:25 47:18
59:21 62:25 63:19
64:5
**process** 45:8
**producing** 49:18
**profile** 59:19
**promise** 45:22
**pronouncing** 3:9
**property** 20:17
**prosecute** 44:20
**prosecuted** 13:3
**prosecution** 31:16
34:9 39:6
**prosecutor** 24:13
**protracted** 9:5
**prove** 11:22 27:8
28:14 49:7,12
**provide** 36:13
40:1 56:12,16,24
56:24
**provided** 37:23
56:7 61:18
**provides** 36:25
47:5
**provision** 18:5
35:24 41:16 61:25
**provisions** 21:4
31:13 34:15,16
35:1,3

**prs** 9:5
**psr** 8:4
**psychologist** 55:17
**psychotropic**
15:19
**put** 27:13 63:4
**putting** 22:12

**q**

**qualifications** 2:4
2:6
**quarrel** 8:9
**question** 11:14
12:19,21 14:1
25:7 50:24
**questioning** 11:3
**questions** 11:1
12:4,14,25 13:2,4
15:25 16:3 18:18
25:20 27:5 31:5
32:18 39:3 46:7
46:16 48:2,14,21
49:21 50:23 51:11
52:16,20 59:10
62:13
**quite** 8:17 22:24

**r**

**r** 3:1
**raise** 9:21 30:21
36:3 37:3 40:24
44:15 59:6
**ramification** 44:18
**range** 42:24
**reached** 41:13
42:22
**read** 10:15 14:1
17:19 31:22,25
33:9 34:15 38:5
39:24,25 44:12
50:1,3,13,19,20
51:10

**ready** 9:12 59:15
**reality** 8:22
**really** 8:24 55:5,6
57:2 59:1 60:1
**reason** 3:16 4:3
5:10 7:5
**reasonable** 11:22
28:15 30:21 49:7
49:13
**reasons** 57:6,16,21
**recall** 39:21
**receipt** 43:8
**receive** 47:20
52:15 53:1,4
54:19
**received** 3:13
17:15
**recitation** 41:1
**recommend** 41:14
**recommendation**
36:19 41:20 42:2
47:9,22 57:8
**recommended**
35:17 40:3
**record** 12:10 14:1
32:8 63:4
**recording** 64:5
**reduces** 43:9
**referred** 17:16
60:25
**referring** 55:9
**regard** 56:21
**regarding** 5:3
55:25
**regards** 57:12
**region** 1:23
**register** 5:9 7:8,17
8:23
**regular** 47:16
**reject** 47:7

**rejects** 36:19
**relate** 35:3
**related** 45:13
**relating** 31:16
34:8,17 35:7 39:6
**relationship** 5:13
5:15
**release** 20:13
21:14,16,25,25
22:17,19 42:10
61:24 62:3,4
**released** 22:18
**relief** 38:1
**remain** 28:9 34:22
40:20 62:6
**remanded** 63:15
**remember** 19:15
**removal** 48:8 62:2
62:6,12,24
**removed** 45:1
54:24
**rendered** 38:18
45:16
**report** 47:21 54:19
54:22 55:7,8
56:11 57:1,17,22
57:25,25 58:10,17
58:23,24 59:11,13
61:13
**reporting** 1:23
**represent** 17:8
27:20,22,23,25
**represented** 36:11
37:22
**request** 5:22 55:5
55:7
**requested** 54:16
**requesting** 5:19
**require** 4:4 7:17
23:1,25 24:1
28:17

**required** 20:25 22:23 28:13
**requirement** 8:23 15:17 62:2
**requires** 50:9
**requiring** 7:7
**reread** 51:6,10
**resentence** 42:11
**resolution** 4:20 5:7
**respect** 30:24 35:1 40:2 56:10
**responsibilities** 42:14
**restitution** 20:16 20:21,22 21:2,4,5
**result** 11:9 20:7,11 44:24,25
**retain** 36:10
**retained** 55:16
**retaining** 36:8
**return** 46:10
**reveal** 6:18
**review** 6:17
**reviewed** 32:11
**rid** 62:11
**right** 3:25 8:17 9:1 9:7,16,21 10:18 13:6,17 14:24 15:4 18:15 20:5 21:12,20 22:22 23:1,20,25 24:1,8 24:9,10,11,14,15 25:12 26:3,6,11,20 26:23,24 27:7 28:3,17,20 29:7,12 30:5,7,9,14,15,16 30:22 31:7,14 33:7,20 34:6,7,18 34:18 35:4,4,5 36:3,8,10 37:2,8

37:14 38:12,22,25 39:4 40:2,10,13 41:21 48:1,18 49:3,3 51:14,16,25 53:3 54:1,12 57:24 59:5,9 60:22,24 61:1,8 63:8
**rights** 11:5 26:12 26:13,14,14,15,16 26:18 27:1 28:4 29:1,4,6,18,24 30:2,3,25 31:2 33:8,10,21,22 34:1 34:2 35:21 36:1 36:23 39:9,11 44:12,13,13,15 45:12 48:18,24
**rotella** 1:10 3:4 4:5,13,16 7:14 9:11 15:16,22 20:20,23 21:6,9,13 21:18 22:3,6,9 26:5,8 34:15,24 35:2,8,11,15 36:16 37:10,18 38:4,9 39:1,2 40:5,8,11 40:16,20 41:6,7 45:7 46:1,11 48:25 49:1 50:16 50:17 52:2,3,11,14 54:3,5,8,10 60:18 63:11,12
**roughly** 47:8,15 58:11
**rule** 59:7 61:14,22
**ruling** 21:5 61:20

**s**

**s** 3:1
**satisfied** 17:9,12 45:15 52:7,12

**saying** 15:3
**says** 12:1 40:21,22 45:3 50:25 51:4 51:17,23 61:13
**schedule** 59:16,17 60:12,16
**scheduled** 3:12
**scheduling** 59:23
**school** 13:15
**scope** 36:7 37:6
**search** 26:22,25
**searches** 6:22
**seat** 46:11
**seated** 3:3
**second** 29:9 38:4 50:1 51:3 61:2
**section** 18:6 20:10 43:2 49:12 53:10
**sections** 58:9
**see** 25:5
**seek** 12:24 14:24 21:2 29:13 37:25 44:20
**seized** 6:4
**selection** 29:8
**sending** 6:2
**sensitive** 8:8
**sent** 4:6 5:24
**sentence** 4:2 21:18 31:10,15 34:8,12 35:6,17,20,23 36:2 36:24 37:8,13,16 38:7,16,17 39:5,15 40:4 41:13,14 47:6,7,23,24 57:11 57:14 59:1 61:7 61:10,11,15,19,21 62:10,20
**sentenced** 61:22
**sentencing** 20:25 37:21 41:24 42:1

42:6,24 44:7 54:15 56:17 57:10 58:13,16 59:7,7,11 59:16,24 60:23 61:25 62:16
**serious** 4:22 10:5 10:10,11 23:18
**sertraline** 15:9
**served** 8:1,9 35:18 36:18 38:6 41:15 47:7,24 57:10,13 61:11,15,21,23 62:10,20
**service** 43:19,19
**services** 45:15
**set** 4:2 10:12 50:11 54:14 57:11
**severe** 22:25
**sex** 4:22 5:9 7:5,8 7:17 8:21,23 56:21,22
**sexual** 6:18 43:12
**sexually** 5:21,22 18:1
**shehata** 54:21 55:1 58:1,12,16,22
**short** 21:7
**shorter** 55:2
**show** 25:5
**side** 45:22 51:3 59:4
**sign** 11:15 25:25 33:16 46:24
**signature** 25:8,22 32:13,21,22,25 33:14
**signed** 25:12 26:1 26:4 32:11,12,24 33:1,3
**significant** 55:12

signing 47:3
silly 23:21
simply 12:9
single 10:2 27:16
sir 54:5
sitting 28:22 29:23
situation 8:18
small 8:22
sooner 58:7
sorry 4:5 22:3
  24:22 58:4,13,15
sound 49:18 64:5
sounds 8:7 23:21
south 64:3,9
speak 12:9 29:10
  55:4 60:24
special 4:23 20:13
  42:16
specific 5:6
specifically 55:18
  56:21
spectrum 5:5
  55:18,21 56:3
spent 7:19,21
spoke 41:18
spoken 8:2
squeezing 59:23
stage 4:2
stand 22:3 26:13
  28:8,19 48:6
start 59:21
starting 59:19,20
state 7:21 20:21
stated 55:11
statement 13:4
  29:11
states 1:1,3,8 3:8
  4:23 6:5 7:16
  15:18 17:24 18:5
  18:6,20 19:13,22
  20:10 41:11 44:23

45:1,2,10 48:8
  49:11,15 53:9,15
  54:24
statute 6:13 36:4,7
statutes 37:4
statutory 37:14,15
  42:7
step 12:9
stick 40:11
stipulate 43:7,12
stipulations 42:22
stop 40:23
stopped 19:5
  22:12
store 19:10
street 1:11,14,24
stuck 39:17
stuff 19:11
subject 44:24 48:7
  62:2,12
subpoenas 30:17
substantial 10:12
subtitled 51:19
suffice 16:7
suite 1:12,15,24
summarize 11:25
summary 50:10
superseding 3:14
  3:19 4:8 5:7 7:11
  7:13,14 9:14 10:3
  10:10,16 11:20
  12:25 17:16 18:13
  22:25 23:17 24:5
  27:17,24 28:15
  41:9 53:5,7,22,24
supervised 20:12
  21:14,16,24,25
  22:17,19 42:10
  61:23 62:3,4
supervision 22:1
  22:17

supported 53:19
sure 9:10,18 62:5
  63:2,10
sutton 55:23
sworn 9:23

**t**

take 31:21 60:9
talk 9:9 12:7 31:17
  42:13 47:12 52:25
talked 38:1 61:23
talking 14:17 34:6
  41:10,17 55:20
talks 35:16 36:17
  41:12,23 42:7,9,17
  42:21 44:5,17
  45:7,11,14,19
technically 6:12
  7:3 23:14
tell 23:20
telling 23:24 63:6
ten 10:5
term 62:3
terms 5:5 6:2,20
  21:16 22:18
testify 30:7,12,18
testimony 30:20
  61:4
thank 9:11,24
  24:19 26:8 38:10
  39:1 45:24 46:11
  53:13 59:8 63:12
  63:14,17,18
thanksgiving
  60:11
thereof 53:22
thing 49:17
things 12:1 37:3
  50:25 51:17,20
  60:15 61:4
think 14:11 15:2
  15:14 21:8,9

34:14 38:11,25
  40:14 42:2 51:25
  55:6 57:20 59:2
  61:15
thinks 38:7
third 29:12
thirdly 61:6
thirty 58:1 60:5
thought 7:25 8:3
  15:15 25:1 39:16
three 16:21 30:9
  33:10 44:3 49:8
  60:9
thursday 60:21
time 4:18 5:18 6:8
  7:6,21 8:1,9 12:8
  18:24 21:8,25
  22:24 28:10 35:17
  36:17 38:6 39:21
  39:22 41:15,24
  42:6,16 47:7,23
  52:8,12 56:1
  57:10,10,13 58:18
  60:12 61:10,12,15
  61:20,21,23 62:10
  62:19,20
times 39:21 43:15
  55:12,13
title 53:9
today 3:13 10:1
  21:24 31:25 34:3
  36:9 41:9 46:16
  47:9 57:9 60:5
  61:17
today's 44:6
told 6:6 17:4 34:9
toplin 32:9,10,13
  32:16,17 33:1,2,16
total 47:17
touch 38:13

traffic 43:9
transcript 64:4
transcriptionist
64:9
transferred 62:21
transported 18:3
transporting
17:24
traveled 6:5
treatment 14:24
16:24
trial 26:15,15 27:1
27:13,14,23 28:4,6
28:20 29:1,4,19
31:1,1 41:22
59:21
trials 28:23 30:1,4
tried 28:21 29:22
troubling 6:16
true 7:4
truthful 12:20
truthfully 52:23
try 44:8 60:12
trying 3:17
turn 32:21 33:7
49:4
turned 6:9
twenty 13:9
two 5:15 7:24 8:10
22:6,20 30:7
42:11 43:10,14,14
43:21 50:22 59:13
type 4:19 5:20
38:20
types 56:19
typical 38:20

**u**

u.s. 1:11 63:16
uh 8:15 37:9,17
45:6

unconstitutional
36:5 37:5
understand 10:13
11:13 12:2,11,13
12:15,21,21 14:2
15:25 17:21 18:6
20:14,18 21:21
22:20 23:2,22
24:5 25:11,15,17
27:2,9,11,17 28:1
28:11,16,22 29:20
31:2,10 32:2
33:12,21 36:14
38:23 39:8,14
40:18,22 44:22
45:4,25 47:24
48:8,19 49:19
51:13,15
understanding
40:18 41:5 46:4
62:7
understood 41:2
49:25 52:19
unique 57:11,19
united 1:1,3,8 3:7
4:23 6:5 7:16
17:24 18:5,5,19
19:13,22 20:10
41:11 44:23 45:1
45:2,9 48:8 49:11
49:15 53:9,15
54:24 56:6
university 13:17
13:20
unlawful 34:12
untruthfully
46:16
upward 37:19,20
use 43:18
usually 22:11,14
57:18

**v**

vaguely 19:17
variance 37:20
veritext 1:23
version 54:23,25
versus 3:8 53:16
victim 5:13,25
6:19 20:22 41:16
43:13
video 43:23
videos 6:21 43:22
violate 22:18
42:10
violated 39:12
violates 21:15
violating 20:9
violation 18:4
49:11 53:9
violations 23:14
visit 6:6,6 18:20
visual 18:2
voluntarily 35:21
36:22 52:8,13
voluntary 11:16
36:1 37:2 53:19
vs 1:4

**w**

waive 37:2 44:15
62:4
waiver 25:1,8,17
26:7 36:1 37:1,2
44:12 45:11
waiving 35:21
36:3,22 39:9
walk 62:11
walnut 1:14
want 4:1 12:14
14:1 40:19 51:6,9
61:15 63:5

warrant 26:22,22
57:13
way 40:25 44:16
we've 7:11 20:5
35:16 37:14 38:1
42:22 45:20 49:24
50:19
week 4:8,10,11
16:9,15 17:2
weeks 59:13 60:9
went 27:14 32:10
42:8
west 13:11
wish 9:1 10:20,21
12:7 18:12 24:15
24:21,24 52:25
withdraw 40:2,6
41:21 44:9
witness 9:23 30:10
witnesses 30:6,16
30:17,20
woman 18:19
wording 25:16
words 50:21 62:9
working 19:6
worse 39:16
writ 38:21
write 14:2
writings 61:3
written 45:21
wrong 58:5

**x**

x 2:1

**y**

yeah 13:13 14:15
14:19 62:23
year 19:7 21:18,19
43:14
years 5:14,16 7:24
8:10,13 16:21

20:12,12 22:5,6,20
37:15 42:11
**york**  62:23
**young**  18:19
**younies**  1:5 3:8
9:23 53:6,16