# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 17-184 |
| | : |
| YOUNIES BAYOUMY | : |

## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of his guilty plea, the defendant is required, pursuant to Title 18 United States Code, Section 2253, to criminally forfeit his interest in any visual depiction described in section 2252, or any film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received as a result of such violation; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such violation; any property, real or personal, used or intended to be used to commit, facilitate, or promote the commission of a violation of Title 18 United States Code, Section 2251, 2252, or 2422, as charged in the Superseding Information.

2. The Court has determined that the following specific property is subject to forfeiture as a result of the defendant pleading guilty to the illegal acts alleged in Count One of the Superseding Information, and, based on the facts set forth in the government's change of plea memorandum, the government has established the requisite nexus between such property and such offenses:

   a. one Galaxy S7 mobile phone, IMEI number 3573500753348571;

   b. one Apple iPad, serial number F9FQPMTQGHKF;

   c. one Dell Inspiron 7000 laptop computer, serial number 6T8L9B2;

      d. one Seagate 1TB hard drive, serial number S314J90H302743;

      e. one Samsung 128GB flash drive, serial number S26NNXAG761598; and

      f. two Samsung MicroSD memory cards, serial numbers MBMPCGVFODGW and MMB3RD8BUACA.

as the property used or intended to be used to commit or promote the commission of the offense for which he pleaded guilty (hereinafter referred to as the "Subject Property").

3. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Pursuant to Title 21, United States Code, Section 853(n)(1) and Title 28, United States Code, Section 2461 (c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the

Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Bureau of Immigration and Customs Enforcement ("ICE"); and to counsel for the parties.

ORDERED this 13th day of DECEMBER, 2018.

_____
HONORABLE JAN E. DUBOIS
*Judge, United States District Court*